# Exhibit A



## Flexible Premium Adjustable Whole Life Insurance Policy

# DUPLICATE POLICY

Death Benefit Payable at Death

Flexible Premiums Payable during the Insured's Lifetime

Adjustable Face Amount

Nonparticipating

**Notice**

Right to Return Policy

Please read this policy carefully. If you do not want it, you may return it to us or your agent within 10 days after you receive it and ask us to cancel it. As soon as you return it, we will consider it void from the start and refund any premium paid.

**Index**

| | Page | | Page |
|---|---|---|---|
| Accumulation Values | 6 | Ownership | 11 |
| Age and Sex | 15 | Partial Withdrawal | 9 |
| Annual Report | 16 | Payment of Proceeds | 15 |
| Beneficiary | 10 | Policy Data | A |
| Cash Values | 9 | Policy Loans | 9 |
| Claims | 17 | Premiums | 4 |
| Control of Policy | 11 | Reinstatement | 5 |
| Definitions | 2 | Settlement Options | 12 |
| Face Amount Change | 5 | Suicide | 15 |
| General Provisions | 15 | Summary of Benefits | 2 |
| Grace Period | 5 | Ten Day Free Look | 1 |
| Incontestability | 15 | Termination | 16 |
| Insured | A | | |
| Monthly Deduction | 7 | | |
| Nonforfeiture Provisions | 8 | | |

Additional benefits, if any, are listed on the Policy Data Page and follow page 2. Additional restrictions follow page 2.



**Northwestern National Life Insurance Company**

Box 20
Minneapolis
Minnesota 55440

We will pay the proceeds if we receive written proof that the insured died while this policy was in force. This policy also provides other benefits and rights. We issue this policy in consideration of the application and payment of the initial premium.

Executed at our
Home Office

John G. Turner                President

Royce N. Sanner                Secretary

*Leonard v. ReliaStar*
RLI 00001

| **Summary of Benefits** | **Living Benefits** | **Death Benefits** |
|---|---|---|
| | While the insured is alive, subject to this policy's provisions, you may: | At the insured's death, the proceeds payable include: |
| | Change the Face Amount. | The Death Benefit then in force. |
| | Change the amount and frequency of your premium payments. | *Plus* any additional amount provided by rider on the life of the insured. |
| | Surrender this policy or make a partial withdrawal for cash. | |
| | Receive a cash loan. | *Minus* any policy loans and loan interest due. |
| | Assign this policy as collateral. | |
| | Enjoy any other rights this policy allows. | *Minus* any unpaid monthly deductions. |

| **The Contract** | Read your policy carefully! This policy is a legal contract. You rely on us to provide its benefits; we rely on you to pay its premiums. The entire contract is: | Unless fraudulent, all statements made by or on behalf of anyone covered by this policy are representations and not warranties. No statement can be used to cancel this policy or can be used for our defense if we refuse to pay a claim, unless it is found in an application, rider, or amendment. |
|---|---|---|
| | This policy. | |
| | *Plus* all applications, Policy Data Pages, riders, and amendments attached at time of issue. | No agent or any other person except our elected officers or an Assistant Secretary can change this contract. |
| | *Plus* all applications, Policy Data Pages, riders, and amendments agreed upon later. | |

| **Definitions** | **General Definitions** | |
|---|---|---|
| | The Insured | The person whose life is insured under this policy while this policy is in force. The Policy Data Page lists the insured. |
| | You, Your | The owner of this policy as shown on the Policy Data Page, unless changed as allowed in this policy. The insured owns this policy unless another owner is named. |
| | We, Us, Our | Northwestern National Life Insurance Company at our Home Office in Minneapolis, Minnesota. |
| | Written, In Writing | A written request or notice, signed and dated, and received at our Home Office, in a form we accept. You may get forms for this purpose from us. |
| | In Force | The terms of this policy are in effect. |
| | Proceeds | The amount we pay when the insured dies or when this policy is surrendered. |
| | The Code | The Internal Revenue Code of 1954, as amended. |

*Leonard v. ReliaStar*
RLI 00002

POLICY NUMBER            36-2-076-716

| POLICY DATA PAGE | INSURED ISSUE AGE AND SEX POLICY DATE ISSUE DATE STATUS* | WILLIAM J LEONARD JR 47-MALE 12-01-1986 9-24-1986 1 EFFECTIVE DATE: 9-24-1986 |
|---|---|---|
| | * 'STATUS' IS USED TO SEQUENCE ANY POLICY CHANGES. FOR EXAMPLE, A STATUS OF '1' | INDICATES THE ORIGINAL POLICY DATE, '2' IS FOR THE DATA AFTER THE FIRST CHANGE, ETC. |
| | DEATH BENEFIT OPTION | OPTION A (LEVEL AMOUNT OPTION) |
| | CURRENT FACE AMOUNT | $50,000 |
| | INITIAL FACE AMOUNT PREMIUM CLASS | $50,000 NON-SMOKER |
| | MINIMUM FACE AMOUNT | $25,000 |
| | MINIMUM MONTHLY PREMIUM | $75.02 |
| | INITIAL PREMIUM | $37.00 |
| | PLANNED PERIODIC PREMIUM | AMOUNT: $37.00 FREQUENCY: BI-WEEKLY |
| | POLICY LOAN INTEREST RATE | 7.4% PAYABLE IN ADVANCE |
| | PERCENT OF PREMIUM CHARGE | 5% |
| | MONTHLY POLICY CHARGE | NONE |
| | MONTHLY AMOUNT CHARGE | NONE |
| | MONTHLY ADMINISTRATIVE CHARGE | $4.00 |
| | GUARANTEED INTEREST BASE | NONE |
| | PERCENT OF PARTIAL WITHDRAWAL | 20% PER POLICY YEAR IN POLICY YEARS 2-15 100% THEREAFTER |

CONTINUED
ON NEXT PAGE

PAGE A

*Leonard v. ReliaStar*
RLI 00003

POLICY NUMBER                 82-076746

| | | |
|---|---|---|
| POLICY (OR DATA PAGE (CONTINUED) | INSURED | WILLIAM J LEONARD JR |
| | ISSUE AGE AND SEX | 47-MALE |
| | POLICY DATE | 12-01-1986 |
| | ISSUE DATE | 9-24-1986 |
| | STATUS* | 1 EFFECTIVE DATE: 9-24-1986 |

*'STATUS' IS USED TO          INDICATES THE ORIGINAL
SEQUENCE ANY POLICY          POLICY DATE, '2' IS FOR
CHANGES. FOR EXAMPLE,        THE DATA AFTER THE
A STATUS OF '1'              FIRST CHANGE, ETC.

**SCHEDULE OF OPTIONAL BENEFITS**

INSURED'S AUTOMATIC COST
OF LIVING RIDER

| | |
|---|---|
| RIDER ISSUE DATE | 9-24-1986 |
| INSURED'S CPI INCREASE BASE | $50,000 |
| PREMIUM CLASS | NON-SMOKER |
| MAXIMUM INCREASE AMOUNT FOR THE INSURED | $10,000 |

TERM INSURANCE
RIDER (TIR)

| | |
|---|---|
| TIR INSURED | WILLIAM J LEONARD JR |
| ISSUE AGE AND SEX | 47-MALE |
| TIR FACE AMOUNT | $50,000 |
| PREMIUM CLASS | NON-SMOKER |
| MONTHLY AMOUNT CHARGE | NONE |
| RIDER EFFECTIVE DATE | 12-01-1986 |
| RIDER ISSUE DATE | 12-24-1986 |
| RIDER EXPIRY DATE | 12-01-2034 |

| | |
|---|---|
| FORM NUMBERS | 82-800 82-000 82-001 82-810 82-820 82-830 |
| | 82-840 82-850 82-860 82-870 82-640 82-241 |
| | 82-370 82-371 82-753 |

CONTINUED
ON NEXT PAGE

PAGE B

Leonard v. ReliaStar
RLI 00004

3 POLICY NUMBER                    82-078746

| POLICY | INSURED: | WILLIAM J LEONARD JR |
|---|---|---|
| DATA PAGE | ISSUE AGE AND SEX | 47 MALE |
| (CONTINUED) | POLICY DATE | 12-01-1986 |
| | ISSUE DATE | 9-24-1986 |
| | STATUS | 1 EFFECTIVE DATE: 9-24-1986 |

'STATUS' IS USED TO    INDICATES THE ORIGINAL
SEQUENCE ANY POLICY    POLICY DATE, '2' IS FOR
CHANGES.  FOR EXAMPLE,    THE DATA AFTER THE
A STATUS OF '1'    FIRST CHANGE, ETC.

### TABLE OF SURRENDER CHARGES

| POLICY MONTH | POLICY YEAR: | 1986 | 1987 | 1988 | 1989 | 1990 | 1991 |
|---|---|---|---|---|---|---|---|
| JAN | | .00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 |
| FEB | | .00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 |
| MAR | | .00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 |
| APR | | .00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 |
| MAY | | .00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 |
| JUN | | .00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 |
| JUL | | .00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 |
| AUG | | .00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 |
| SEP | | .00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 |
| OCT | | .00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 |
| NOV | | .00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 |
| DEC | | 1140.00 | 1140.00 | 1140.00 | 1140.00 | 1140.00 | 1130.50 |

| POLICY MONTH | POLICY YEAR: | 1992 | 1993 | 1994 | 1995 | 1996 | 1997 |
|---|---|---|---|---|---|---|---|
| JAN | | 1121.00 | 1007.00 | 893.00 | 779.00 | 665.00 | 551.00 |
| FEB | | 1111.50 | 997.50 | 883.50 | 769.50 | 655.50 | 541.50 |
| MAR | | 1102.00 | 988.00 | 874.00 | 760.00 | 646.00 | 532.00 |
| APR | | 1092.50 | 978.50 | 864.50 | 750.50 | 636.50 | 522.50 |
| MAY | | 1083.00 | 969.00 | 855.00 | 741.00 | 627.00 | 513.00 |
| JUN | | 1073.50 | 959.50 | 845.50 | 731.50 | 617.50 | 503.50 |
| JUL | | 1064.00 | 950.00 | 836.00 | 722.00 | 608.00 | 494.00 |
| AUG | | 1054.50 | 940.50 | 826.50 | 712.50 | 598.50 | 484.50 |
| SEP | | 1045.00 | 931.00 | 817.00 | 703.00 | 589.00 | 475.00 |
| OCT | | 1035.50 | 921.50 | 807.50 | 693.50 | 579.50 | 465.50 |
| NOV | | 1026.00 | 912.00 | 798.00 | 684.00 | 570.00 | 456.00 |
| DEC | | 1016.50 | 902.50 | 788.50 | 674.50 | 560.50 | 446.50 |

CONTINUED
ON NEXT PAGE

PAGE C

*Leonard v. ReliaStar*
RLI 00005

POLICY NUMBER                    R28HB2-076-716

| POLICY | INSURED: | WILLIAM U LEONARD URIJUS |
|--------|----------|--------------------------|
| DATA PAGE | ISSUE AGE AND SEX | 47-MALE |
| (CONTINUED) | POLICY DATE | 12-01-1986 |
| | ISSUE DATE | 9-24-1986 |
| | STATUS* | 1 EFFECTIVE DATE: 9-24-1986 |

* STATUS IS USED TO        INDICATES THE ORIGINAL
SEQUENCE AND POLICY        POLICY DATE, '2' IS FOR
CHANGES.  FOR EXAMPLE,     THE DATA AFTER THE
A STATUS OF '1'            FIRST CHANGE, ETC.

## TABLE OF SURRENDER CHARGES

| POLICY MONTH | POLICY YEAR: | 1998 | 1999 | 2000 | 2001 | |
|--------------|--------------|------|------|------|------|--|
| JAN | | 437.00 | 323.00 | 209.00 | 95.00 | |
| FEB | | 427.50 | 313.50 | 199.50 | 85.50 | |
| MAR | | 418.00 | 304.00 | 190.00 | 76.00 | |
| APR | | 408.50 | 294.50 | 180.50 | 66.50 | |
| MAY | | 399.00 | 285.00 | 171.00 | 57.00 | |
| JUN | | 389.50 | 275.50 | 161.50 | 47.50 | |
| JUL | | 380.00 | 266.00 | 152.00 | 38.00 | |
| AUG | | 370.50 | 256.50 | 142.50 | 28.50 | |
| SEP | | 361.00 | 247.00 | 133.00 | 19.00 | |
| OCT | | 351.50 | 237.50 | 123.50 | 9.50 | |
| NOV | | 342.00 | 228.00 | 114.00 | .00 | |
| DEC | | 332.50 | 218.50 | 104.50 | .00 | |

THIS TABLE APPLIES TO THE INITIAL FACE AMOUNT.  A TABLE OF ADDITIONAL
CHARGES WILL APPLY FOR EACH APPROVED INCREASE IN THE FACE AMOUNT.

Leonard v. ReliaStar
RLI 00006

**Policy**
**Data Page**

Table of Monthly Guaranteed Cost
of Insurance Rates Per $1,000

| Male Attained Age | Rate | Male Attained Age | Rate | Male Attained Age | Rate |
|---|---|---|---|---|---|
| 0 | .36927 | | | | |
| 1 | .13669 | 36 | .22671 | 71 | 4.71692 |
| 2 | .12420 | 37 | .24214 | 72 | 5.09966 |
| 3 | .11918 | 38 | .26088 | 73 | 5.49760 |
| 4 | .11459 | 39 | .28256 | 74 | 5.92258 |
| 5 | .11043 | 40 | .30716 | 75 | 6.38757 |
| 6 | .10669 | 41 | .33384 | 76 | 6.90620 |
| 7 | .10376 | 42 | .36260 | 77 | 7.49028 |
| 8 | .10167 | 43 | .39387 | 78 | 8.14300 |
| 9 | .10084 | 44 | .42806 | 79 | 8.85700 |
| 10 | .10168 | 45 | .46600 | 80 | 9.62445 |
| 11 | .10376 | 46 | .50810 | 81 | 10.43681 |
| 12 | .10751 | 47 | .55482 | 82 | 11.28618 |
| 13 | .11293 | 48 | .60653 | 83 | 12.17114 |
| 14 | .11876 | 49 | .66366 | 84 | 13.09631 |
| 15 | .12502 | 50 | .72664 | 85 | 14.06748 |
| 16 | .13169 | 51 | .79505 | 86 | 15.09034 |
| 17 | .13793 | 52 | .86932 | 87 | 16.17587 |
| 18 | .14294 | 53 | .95025 | 88 | 17.34344 |
| 19 | .14710 | 54 | 1.03831 | 89 | 18.62109 |
| 20 | .15085 | 55 | 1.13471 | 90 | 20.04580 |
| 21 | .15376 | 56 | 1.24073 | 91 | 21.66244 |
| 22 | .15626 | 57 | 1.35719 | 92 | 23.52590 |
| 23 | .15836 | 58 | 1.48455 | 93 | 25.69963 |
| 24 | .16002 | 59 | 1.62403 | 94 | 28.33894 |
| 25 | .16211 | 60 | 1.77650 | | |
| 26 | .16461 | 61 | 1.94239 | | |
| 27 | .16752 | 62 | 2.12333 | | |
| 28 | .17127 | 63 | 2.32107 | | |
| 29 | .17544 | 64 | 2.53768 | | |
| 30 | .18003 | 65 | 2.77608 | | |
| 31 | .18502 | 66 | 3.03929 | | |
| 32 | .19046 | 67 | 3.32978 | | |
| 33 | .19671 | 68 | 3.64685 | | |
| 34 | .20462 | 69 | 3.98676 | | |
| 35 | .21463 | 70 | 4.34500 | | |

82-001

*Leonard v. ReliaStar*
**RLI 00008**

| Policy Definitions | Face Amount | The Face Amount is shown on the Policy Data Page. You may change the Face Amount as described in this policy. |
| --- | --- | --- |
| | Death Benefit | This policy provides two Death Benefit Options. The option in effect is shown on the Policy Data Page. |
| | Option A (Level Amount Option) | The Face Amount includes the accumulation value. In this case, the Death Benefit is the greater of: |
| | | 1<br>The Face Amount on the date of death; or |
| | | 2<br>140% of the accumulation value when the insured's age is 40 or less. Starting on the Policy Anniversary when the insured's age is 41, this percentage of accumulation value will decrease by 1% on each policy anniversary through age 75. At age 75 or more, the percentage is 105%. |
| | Option B (Additonal Amount Option) | The accumulation value is in addition to the Face Amount. In this case, the Death Benefit is the greater of: |
| | | 1<br>The Face Amount on the date of death, plus the accumulation value on the date of death; or |
| | | 2<br>140% of the accumulation value when the insured's age is 40 or less. Starting on the Policy Anniversary when the insured's age is 41, this percentage of accumulation value will decrease by 1% on each policy anniversary through age 75. At age 75 or more, the percentage is 105%. |
| | Policy Date | The date the initial premium is due. The Policy Data Page shows the Policy Date. We measure policy anniversaries, policy months, policy years, and Monthly Anniversary Dates from the Policy Date. |
| | Monthly Anniversary Date | The day of the month that is the same day of the month as your Policy Date. For example, if your Policy Date is March 2, 1978, then the second day of each month is your Monthly Anniversary Date. |
| | Net Premium | The Net Premium is credited to the accumulation value as described in this policy's Accumulation Values provision. The Net Premium is calculated as 1 multiplied by 2 (1X2), where: |

*Continued*

*Leonard v. ReliaStar*
RLI 00009

| Net Premium (continued) | 1 | 2 |
|---|---|---|
| | is the premium paid; and | is 1.000 minus the Percent of Premium Expense Charge shown on the Policy Data Page. |
| Premiums | The initial premium, which is shown on the Policy Data Page, is the amount paid on or before the delivery of this policy. There is no insurance until the initial premium is paid. All premiums are payable in advance of the period to which they apply.<br><br>The amount and frequency of premium payments will affect the accumulation value and cash value and how long the insurance will remain in effect.<br><br>We may require proof which satisfies us that the insured is still insurable if any payment, planned or unscheduled, would increase the difference between the Death Benefit and the accumulation value during the current policy year.<br><br>Even though Planned Periodic Premiums and Unscheduled Additional Premiums state otherwise, we reserve the right to refuse to accept any premium which would disqualify | your policy for favorable tax treatment under Sections 72 and 101 or any other applicable sections of the Code. If premiums paid during any Policy Year exceed the maximum permitted under Section 101 of the Code, we will return the excess premiums with interest to you within 60 days after the end of the policy year. However, you have the right to pay the premium required to keep this policy in force to the end of the policy year.<br><br>Pay premiums by sending them to the address shown below.  Upon request, we will send you a receipt signed by one of our officers. Please include your policy number.  The current address for payment is:<br><br>**Northwestern National Life Insurance Company**<br>**Box 20**<br>**Minneapolis**<br>**Minnesota 55440** |

**Planned Periodic Premiums**

| | You may pay planned periodic premiums once a year, every 6 months, or every 3 months.  These modes are referred to as annual, semi-annual, or quarterly. If you choose, we can also deduct planned periodic premiums from your bank account monthly.<br><br>The amount and frequency of the planned periodic premiums you have chosen are shown on the Policy Data Page. You may change the frequency and amount of planned periodic premiums by notifying us in writing of the change. | The amount of any planned periodic premium must be at least $25.  We reserve the right to limit the amount of any increase.<br><br>Depending on the frequency of premium payment and the method of payment you have chosen, we will send you periodic premium notices.  In any case, we will send these notices to you at least once a year. |

**Unscheduled Additional Premiums**

| | Premium payments other than the planned periodic premiums may be made at any time while this policy is in force.  We can limit the | number and amount of these additional payments. |

*Leonard v. ReliaStar*<br>**RLI 00010**

### Grace Period

If, on any Monthly Anniversary Date, the cash value minus any policy loans is less than the monthly deduction for the policy month to follow, we will give you a grace period of 61 days to pay a premium large enough to cover the monthly deduction. We will send you notice of the required premium at least 30 days before we lapse this policy.

If that required premium is not paid within the grace period. A lapsed policy is no longer in force and has no cash value.

If the insured dies during the grace period, we deduct any unpaid monthly deductions from the proceeds.

The policy has a Minimum Monthly Premium shown on the Policy Data Page. The Mini-mum Monthly Premium is increased when the Face Amount is increased or when a new rider is added or increased. The new Minimum Monthly Premium will be shown on a new Policy Data Page. We will not lapse this policy during the first 3 policy years, if on each Monthly Anniversary Date during the period, 1 is greater than 2, where:

1

Is the sum of all premiums paid to date minus any policy loans and partial withdrawals; and

2

Is the sum of the Minimum Monthly Premiums since the Policy Date, including the month following the Monthly Anniversary Date.

### Reinstatement

Reinstatement means putting a lapsed policy back in force. You can reinstate this policy anytime within 5 years after it has lapsed as long as you have not surrendered it for its cash value.

To reinstate this policy and any riders:

1

You must submit proof which satisfies us that all insureds are still insurable; and

2

You must pay a premium large enough to keep the policy in force for at least 2 months.

This policy will be reinstated only as of a Monthly Anniversary Date. If you have met conditions 1 and 2 and an insured dies be-fore the Monthly Anniversary Date on which the policy would be reinstated, we will pay the Death Benefit as of that Monthly Anniversary Date. The accumulation value on the date of reinstatement will be the amount provided by the premium paid to reinstate this policy. Subsequent accumulation values will be calculated as shown in the Accumulation Values provision.

After reinstatement, the Surrender Charges will be those in effect on the date of termination, reduced in the same proportion as the accumulation value on the date of termination bore to the Surrender Charge on that date. The Surrender Charge will not be less than zero.

### Face Amount Change

After the first policy year, you may change your Face Amount by notifying us in writing. Changes are allowed only if this policy continues to qualify as Life Insurance as defined by the Code. Changes listed in 1, 2 and 3 below go into effect on the Monthly Anniversary Date that follows the date we receive your request. If we receive your request on a Monthly Anniversary Date, the change goes into effect on that day. The Face Amount in effect at any time must be at least equal to the Minimum Face Amount shown on the Policy Data Page.

Increases in the Face Amount must be at least $5,000. Increases cannot be made after the policy anniversary following the insured's 75th birthday.

Decreases in Face Amount are allowed only if the cash value is greater than zero. At least 6 months must elapse between decreases.

*Continued*

*Leonard v. ReliaStar*
RLI 00011

| Premiums (Continued) | Face Amount Change |
|---|---|

After the first policy year, you may change your Face Amount by notifying us in writing. Changes are allowed only if this policy continues to qualify as Life Insurance as defined by the Code. Changes listed in 1, 2 and 3 below go into effect on the Monthly Anniversary Date that follows the date we receive your request. If we receive your request on a Monthly Anniversary Date, the change goes into effect on that day. The Face Amount in effect at any time must be at least equal to the Minimum Face Amount shown on the Policy Data Page.

Increases in the Face Amount must be at least $5,000. Increases cannot be made after the policy anniversary following the insured's 75th birthday.

Decreases in Face Amount are allowed only if the cash value is greater than zero. At least 6 months must elapse between decreases.

Changes are subject to the following:

**1**
If a decrease in Face Amount is requested, the reduction will be applied in the following order:

**a**
To the most recent increase in Face Amount;

**b**
To the next most recent increases in Face Amount; then

**c**
To the Face Amount on the Policy Date or the current Face Amount if smaller.

**2**
If the Additional Amount Option is in effect, you may request in writing to change to the Level Amount Option. In this event, the Face Amount of this policy is changed so that it equals the Death Benefit in force immediately preceding the effective date of the change;

**3**
If the Level Amount Option is in effect, you may request in writing to change to the Additional Amount Option. This change reduces the Face Amount so that it then equals the Death Benefit minus the accumulation value immediately preceding the effective date of the change; then

**4**
An increase will require written proof the insured is still insurable. An approved increase will go into effect on the Monthly Anniversary Date on or next following the date of the approval. If an increase is approved, additional Surrender Charges will be applied to that increase. We will send you written notice of the amount and duration. The Minimum Monthly Premium will be increased when the Face Amount is increased.

| Accumulation Value and Nonforfeiture Provisions | Accumulation Value |
|---|---|

The accumulation value on the Policy Date will be the initial Net Premium paid on that date minus the monthly deduction for the first policy month. On each subsequent Monthly Anniversary Date, the accumulation value will be calculated as 1 minus 2, plus 3 minus 4 (1 - 2 + 3 - 4), where:

**1**
Is the accumulation value on the preceding Monthly Anniversary Date plus one month's interest;

**2**
Is any partial withdrawals since the preceding Monthly Anniversary Date plus interest

from the date of withdrawal to the Monthly Anniversary Date;

**3**
Is the total of all Net Premiums received since the preceding Monthly Anniversary Date plus interest from the date received to the Monthly Anniversary Date; and

**4**
Is the monthly deduction (as described in the Monthly Deduction provision) for the policy month following the Monthly Anniversary Date.

*Continued*

Leonard v. ReliaStar
RLI 00012

## Interest Rate on Accumulation Value

The guaranteed interest rate applied in the calculation of the accumulation value is .36748% per month, compounded monthly. This is equivalent to 4 1/2% per year, compounded yearly. Interest in excess of the guaranteed rate may be applied in the calculation of the accumulation value in a manner which our Board of Directors determines. However, interest in excess of .36748% per month, compounded monthly, will not apply to any part of the accumulation value that is less than the Guaranteed Interest Base, which is shown on the Policy Data Page.

The interest rate applied to any portion of the accumulation value which represents a loan may be less than the interest rate applied to the rest of the accumulation value.

## Monthly Deduction

"Monthly deduction", as used in this policy, refers to a charge which is made against the accumulation value. It does not refer to your premium payment.

The monthly deduction for a policy month will be calculated as 1, plus 2, plus 3, plus 4 (1 + 2 + 3 + 4), where:

1

Is the cost of insurance (as described below) and the cost of any rider benefits for the policy month;

2

Is the Monthly Policy Charge. This charge and the Term during which it is applied is shown on the Policy Data Page;

3

Is the Monthly Amount Charge per $1000 (shown on the Policy Data Page) multiplied by the Face Amount divided by $1,000.

This charge applies to the Initial Face Amount and to any increases in Face Amount during the Term shown on the Policy Data Page. The Term applies to the Initial Face Amount from the Effective Date of the policy and to any increases in Face Amount from the effective date of that increase. This charge is not made if the increase in Face Amount is due solely to a change of Death Benefit from the Additional Amount Option to the Level Amount Option. This charge applies to the Face Amount of the Additional Insured Rider in the same way that it applies to this policy's Face Amount; and

4

Is the Monthly Administrative Charge shown on the Policy Data Page. This charge applies in all policy years. The Monthly Administrative Charge is subject to change but will not exceed $5.

## Cost of Insurance

We determine the cost of insurance on a monthly basis. The cost of insurance is determined separately for the Initial Face Amount and any increases made later. If the Level Amount Option is in effect and there have been increases in the Face Amount, then the accumulation value will first be considered to be a part of the Initial Face Amount. If the accumulation value on the Monthly Anniversary Date exceeds the Initial Face Amount, it will be considered to be a part of any increases in Face Amount in the order of these increases. The cost of insurance is calculated as 1 multiplied by the result of 2 minus 3 [ 1 x (2 - 3) ] where:

1

Is the cost of insurance rate as described in the Cost of Insurance Rates provision;

2

Is the Death Benefit at the beginning of the policy month, divided by 1.0036748; and

3

Is the accumulation value at the beginning of the policy month.

*Leonard v. ReliaStar*
RLI 00013

**Cost of Insurance Rates**

The monthly cost of insurance rate for this policy is based on the insured's sex, attained age, and premium rate class as shown on the Policy Data Page. If your Death Benefit is a percentage of the accumulation value as described under the definition of "Death Benefit" in Level Amount Option, item 2, or Additional Amount Option, item 2, the premium rate class with the most recent effective date will apply. Attained age means age last birthday on the prior policy anniversary. We will determine monthly cost of insurance rates based upon expectations as to future cost factors. Any change in cost of insurance rates will apply to all in the same insurance class whose policies have been in force for the same period of time.

The cost of insurance rates for those in other than a rated premium class can never be greater than those shown in the Table of Monthly Guaranteed Cost of Insurance Rates. For Face Amounts for insureds in a rated premium class, the guaranteed cost of insurance rates are calculated by multiplying the rates shown in the Table of Guaranteed Cost of Insurance Rates by the Premium Class Rating Factor shown on the Policy Data Page. The guaranteed maximum rates are based on the Commissioners 1958 Standard Ordinary Mortality Table.

**Basis of Computations**

Guaranteed cash values are based on the Commissioners 1958 Standard Ordinary Mortality Table, age last birthday, with interest at 4 1/2% per year, compounded yearly. Where required, a detailed statement of the method of computation of cash values under

this policy has been filed with the insurance department of the state in which this policy was delivered. Cash values under this policy are not less than the minimums required by the state in which this policy was delivered.

**Nonforfeiture Provisions**

**Continuation of Insurance (Extended Insurance)**

In the event planned periodic premiums are not continued, insurance coverage under this policy and any benefits provided by a rider will be continued until the cash value minus any policy loans is not large enough to cover the monthly deduction. In this event, the policy will continue in force until the end of the

grace period. (See the Grace Period provision.) The Face Amount and Death Benefit Option during the continuation of insurance will be the same as when planned periodic premiums were last being paid unless you make later changes in the Face Amount.

**Paid-up Option**

At any time before the policy anniversary following the insured's 95th birthday, you may use the cash value minus any policy loans to purchase single premium paid-up life insurance. The amount by which this insurance exceeds its cash value cannot be greater than the amount by which this policy's death benefit exceeds this policy's accumulation value. On the policy anniversary following the insured's 95th birthday, the cash value minus any policy loans will automatically be

used to purchase single premium paid-up life insurance. We base the single premium for paid-up insurance on the insured's sex, age, and premium classes at the time this option is exercised and the single premium life insurance rates in effect at that time. These rates may not exceed the net single premium rates based on the Commissioners 1958 Standard Ordinary Mortality Table, age last birthday, with 4 1/2% interest.

*Leonard v. ReliaStar*
RLI 00014

**Cash Value,
Full Cash
Surrender, and
Partial Withdrawal
Benefits**

## Cash Value

The cash value of this policy is the accumulation value minus any Surrender Charge.

### Surrender Charge

The Surrender Charge is a charge against the accumulation value. The amount and duration of the Surrender Charges is shown on the Table of Surrender Charges on the Policy Data Page.

Additional Surrender Charges will apply to any approved increase in the Face Amount and increases to this policy resulting from the Insured's Cost of Living Rider, if attached to this policy. We will send you written notice of the amount and duration.

This charge is not made if the increase in Face Amount is due solely to a change of Death Benefit from the Additional Amount Option to the Level Amount Option.

Any decrease in Face Amount will not reduce the original or any additional Surrender Charges.

### Full Cash Surrender

You may surrender this policy for its full cash value by sending us written notice. The amount of the cash surrender will be equal to the cash value minus any policy loans.

The cash value within 30 days after a policy anniversary may not be less than the cash value on such anniversary, minus any subsequent partial withdrawals.

### Partial Withdrawal

After the first policy year, you may withdraw part of your policy for cash by sending us written notice. The amount of any partial withdrawal must be at least the minimum partial withdrawal we currently require. The maximum partial withdrawal equals the cash value times the Percent of Partial Withdrawal shown on the Policy Data Page but not to exceed the amount available at full cash surrender. Only one partial withdrawal is allowed in any policy year. The accumulation value is reduced by the amount of the partial withdrawal.

If the Level Amount Option is in effect, the Face Amount will be reduced by the amount of the partial withdrawal requested. The Face Amount after withdrawal may not be less than the Minimum Face Amount shown on

the Policy Data Page. We have the right to wait to pay for up to six months after we receive notice.

The reductions in Face Amount due to any partial withdrawal will be applied in the following order:

1
To the most recent increase in Face Amount;

2
To the next most recent increases in Face Amount; then

3
To the initial Face Amount or the current Face Amount if smaller.

**Policy Loans**

## Cash Loans

After the first policy year, if this policy has a loan value, you may use it as security to take out a loan from us. We will not lend you more than the loan value. We will deduct any unpaid policy loans before paying the proceeds.

The loan value is the total of:

The cash value.

_Minus_ unpaid policy loans.

_Minus_ loan interest to the end of the then current policy year.

Leonard v. ReliaStar
RLI 00015

| Policy Loans | Cash Loans | |
|---|---|---|
| | After the first policy year, if this policy has a loan value, you may use it as security to take out a loan from us. We will not lend you more than the loan value. We will deduct any unpaid policy loans before paying the proceeds. | 2<br>Is any unpaid policy loans; and<br><br>3<br>Is the loan interest to the end of the then current policy year. |
| | The loan value is the result of 1 minus 2 minus 3 [ 1 - 2 - 3 ] where: | If the policy loan exceeds the cash value, the policy will lapse. |
| | 1<br>Is the cash value; | |

| | Loan Interest | |
|---|---|---|
| | We charge interest at the Policy Loan Interest Rate shown on the Policy Data Page. | ter that, interest for each full year is due in advance. Unpaid interest becomes a part of the existing loan, and we charge interest on it. |
| | On the date of the loan, interest is due in advance until the next policy anniversary. Af- | |

| | Repayment | |
|---|---|---|
| | You may repay all or part of any policy loan during the insured's lifetime. If not repaid during the insured's lifetime, we deduct the policy loan from the proceeds. | When there is an outstanding policy loan, we reserve the right to consider the sum of any payments, planned or unscheduled, we receive as policy loan repayments and not as premium payments. |
| | When you make a payment on a policy loan, you must tell us that you are making a loan payment. | |

| Beneficiary | The beneficiary is named to receive the proceeds to be paid at the insured's death. You may name one or more beneficiaries on the application. Later, you may name, add, or change beneficiaries by written request as | described below. You may also choose to name a beneficiary whom you cannot change without his or her consent. This is an irrevocable beneficiary. |
|---|---|---|

| | Naming, Adding, or Changing Beneficiaries | |
|---|---|---|
| | You can name, add, or change beneficiaries by written request if all of these are true: | 3<br>We have the written consent of all irrevocable beneficiaries. |
| | 1<br>This policy is in force; | A change will take effect as of the date it is signed but will not affect any payment we make or action we take before receiving your notice. |
| | 2<br>The insured is alive; and | |

| | Paying Proceeds | |
|---|---|---|
| | We pay death proceeds in the following order: | ciary, each receives an equal share, unless you have requested another method in writing. To receive proceeds, a beneficiary must be living on the 10th day after the insured's death; then |
| | 1<br>Collateral assignees, if any, have first priority; | |
| | 2<br>The beneficiary, if any, receives any proceeds that remain. If there is more than one benefi- | 3<br>If there are no beneficiaries, you receive any proceeds that remain. |

*Leonard v. ReliaStar*<br>RLI 00016

**Control of Policy**

## Ownership

As owner, you have the rights and duties outlined in this policy. However, we need the written consent of all irrevocable beneficiaries if you wish to do any of these:

**1**
Surrender this policy or make a partial withdrawal for cash;

**2**
Receive a cash loan;

**3**
Exercise the Paid-up Option before the insured's age 95;

**4**
Change the owner;

**5**
Name or change a contingent owner;

**6**
Add either a Children's Insurance Rider or an Additional Insured Rider or make an increase in either rider's Face Amount that requires proof of insurability;

**7**
Change a beneficiary;

**8**
Choose or change a Settlement Option; or

**9**
Assign this policy or any of its benefits as collateral.

We also need the written consent of any collateral assignee if you wish to do 1 through 6 above. Your rights, as outlined in this policy, end at the insured's death.

## Collateral Assignment

You can assign the benefits of this policy as collateral for a debt. This limits your rights to the cash value and the beneficiary's rights to the proceeds. A collateral assignment does not change the owner. A collateral assignee does not have ownership rights.

An assignment is not binding on us until we receive written notice of it. We assume no responsibility as to the validity of any assignment. When we pay proceeds, we may rely on what the collateral assignee states as the debt due.

## Changing Ownership

You can change the owner of this policy by sending us written notice. This is called an "absolute assignment." You transfer all your rights and duties as owner to a new owner. The new owner can then make any change the policy allows.

You can also name a contingent owner who will own this policy at your death. You may name, change, or withdraw a contingent owner by sending us written notice.

An absolute assignment or contingent owner request:

Does not change the coverage or the beneficiary;

Applies only if we receive your notice.

Takes effect from the date signed;

Does not affect any payment we make or action we take before receiving your notice; and

Is not a collateral assignment.

*Leonard v. ReliaStar*
RLI 00017

**Settlement Options**

Settlement Options are ways of paying the proceeds of this policy. These options apply to:

1

Payment of proceeds at death; and

2

Proceeds payable upon full cash surrender of this policy for its cash value.

We pay the proceeds to a payee. A payee is one to whom we may pay part or all of the proceeds or interest. The primary payee is the first person to whom benefits are payable. If the primary payee dies before we have made all payments under Option 2, 3, or 4, we pay the remaining payments to any contingent payee. We pay the proceeds in one sum, unless one or more of the following options are requested and we agree to it. We will also use any other method of payment that is acceptable to you and to us.

Under Options 2, 3, 4, and 5 we pay the first installment as of the date we issue a supplemental contract to pay the proceeds.

Under Option 6 we pay the first installment at the end of the interval it applies to.

**Option 1**
The proceeds are left with us to earn interest. The right of withdrawal, the length of time we will hold the proceeds, and any future option change are subject to our approval.

**Option 2**
We pay the proceeds with interest in equal installments for the amount you choose at equal intervals until the proceeds and interest are all paid. The interval you choose may be a month, 3 months, 6 months, or a year. The amount chosen for each installment must be such that the total installments payable in any 12 months is at least 7% of the total amount of the proceeds.

The last installment will be for the remaining proceeds and interest and might not be equal to the other installments.

**Option 3**
We pay the proceeds in equal installments at equal intervals for the number of years you choose. The interval may be a month, 3 months, 6 months, or a year. Use the Option 3 Table to determine the amount of each installment. If you ask, we will tell you the payment amounts for numbers of years or intervals not shown.

**Option 3 Table**

| Number of Years | Monthly Payments Per $1000 of Proceeds |
|---|---|
| 5 | $18.12 |
| 10 | $ 9.83 |
| 15 | $ 7.10 |
| 20 | $ 5.75 |
| 25 | $ 4.96 |

**Option 4**
The proceeds are used to provide an annuity with 60, 120, 180, or 240 months "certain." This means that we continue paying the primary payee in equal monthly installments for as long as the primary payee lives with a number of months "certain." "Certain" means that we make payments for at least as long as the period you choose (either 60, 120, 180, or 240 months), no matter when the primary payee dies. If the primary payee dies before the "certain" period ends, the remaining payments are payable to the contingent payee.

We compute the installments using the calendar year in which the proceeds are applied and the payee's sex and age at that time. We require written proof of the payee's age. The Option 4 Table shows the amount of each installment for a 120-month "certain" period plus as long after as the primary payee lives. We compute the amount of each installment for the other "certain" periods on a similar basis. If you ask, we will tell you any of these payment amounts.

*Leonard v. ReliaStar*
RLI 00018

## Option 4 Table

**Monthly Income**
**Per $1000 of Proceeds**

**Monthly Income with 120 Months**
**Certain if Year of Settlement is:**

| Male Age | 1980-1984 | 1985-1989 | 1990-1994 | After 1994 |
|---|---|---|---|---|
| 50 | $5.41 | $5.15 | $4.86 | $4.50 |
| 55 | 5.81 | 5.56 | 5.26 | 4.88 |
| 60 | 6.31 | 6.07 | 5.77 | 5.38 |
| 65 | 6.92 | 6.71 | 6.42 | 6.03 |
| 70 | 7.63 | 7.46 | 7.21 | 6.85 |

| Female Age | 1980-1984 | 1985-1989 | 1990-1994 | After 1994 |
|---|---|---|---|---|
| 50 | $5.09 | $4.84 | $4.56 | $4.23 |
| 55 | 5.44 | 5.19 | 4.90 | 4.56 |
| 60 | 5.88 | 5.65 | 5.35 | 5.00 |
| 65 | 6.45 | 6.24 | 5.95 | 5.58 |
| 70 | 7.19 | 7.00 | 6.74 | 6.38 |

## Option 5

The proceeds are used to provide a "joint and two-thirds to survivor" life income for two payees. We make monthly payments jointly to the two payees as long as they both live. When one payee dies, the other receives two-thirds of the amount of the joint monthly payment for life. Payments stop when both payees have died. We compute the payment amounts using the calendar year in which the proceeds are applied and the payees' sexes and ages when the proceeds are applied. The original monthly payment for joint payees, one male and one female, is shown for selected ages in the Option 5 Table. We will quote values for other age and sex combinations upon request.

## Option 5 Table

**Original Monthly Installment**
**for Each $1,000 of Proceeds**
**According to the Age**
**and Sex of Each Payee.**

| Female Age | Male Age | | |
|---|---|---|---|
| | 60 | 65 | 70 |
| 60 | $5.65 | $5.95 | $6.29 |
| 65 | $5.99 | 6.36 | 6.77 |
| 70 | $6.39 | 6.86 | 7.39 |

## Option 6 (Annuity Option)

The proceeds are used to provide an annuity. Each annuity installment is 103% of the payment that we would make if the payee had used the proceeds to buy a similar, nonparticipating, single premium immediate annuity at our rates on the date the proceeds are applied. We pay these installments at the end of the interval they apply to. We will not apply this option if a similar option would be more favorable to the payee when proceeds are applied.

## Choosing Options

Settlement Options are chosen or withdrawn by making a written agreement with us or by sending us written notice. Our approval is needed for an option to be chosen or withdrawn. Before the insured's death, only you can choose or withdraw an option. After the insured's death, a beneficiary may choose an option depending on prior restrictions made by you or a collateral assignee. A change of beneficiary or owner withdraws all chosen options; you must choose again any options you want.

We issue a supplemental contract for proceeds applied under any option. We need not accept an option where less than $2,500 will be applied for each payee. In this case, we may pay a payee's proceeds in one sum. Under an installment option, each payment must be at least $25. If needed, we may increase the time between payments to 3 months, 6 months, or a year to make each payment at least $25.

*Leonard v. ReliaStar*
RLI 00019

| | |
|---|---|
| **Settlement Options** (Continued) | **Death of Payee** |

Unless we have agreed otherwise, if a payee dies after we have paid or credited proceeds under Option 1, we will pay the proceeds and any unpaid interest in one sum to the payee's estate.  Unless we have agreed otherwise, if a payee dies after we have paid or credited proceeds under Option 2, 3, or 4, we will pay the remaining payments to any contingent payees.  If there are no contingent payees, we pay the following amounts to the primary payee's estate:

**1**
Under Option 2 - any unpaid sum left with us plus any unpaid interest on that sum;

**2**
Under Option 3 - the commuted value (based on 3 1/2% a year compound interest) of any unpaid installments; or

**3**
Under Option 4 - the commuted value (based on 3 1/2% a year compound interest) of any unpaid installments remaining in the "certain" period.

**Protection of Proceeds**

Unless we have agreed otherwise, a payee may not do any of the following:

**1**
Withdraw any part of the proceeds or interest;

**2**
Change the fixed payment intervals or the length of the payment period;

**3**
Change the settlement option;

**4**
Change the amount of payment;

**5**
Surrender the supplemental contract for cash;

**6**
Borrow against the supplemental contract; or

**7**
Assign the supplemental contract.

If the payee chooses Option 1, 2, or 3, the payee may change the option and transfer the funds that remain to a new option.  This applies unless prevented by a written agreement with us.

A payee's creditors may not claim any of the proceeds or interest.  This provision applies unless altered by federal or state law.

**Interest on Settlement Options**

We base the interest rate for funds under Options 1 and 2 on the interest rate we declare on funds that we consider to be in the same classification based on the option, restrictions on withdrawal, and other factors.  The interest rate will never be less than 3 1/2% a year compounded annually.

In determining amounts to be paid under Options 3 and 4, we assume interest at 3 1/2% a year compounded annually.  Also, for Option 3 and "certain" periods under Option 4, we credit any excess interest we may declare on funds that we consider to be in the same classification based on the option, restrictions on withdrawal, and other factors.

*Leonard v. ReliaStar*
RLI 00020

| General Provisions | **Payment of Proceeds** |
|---|---|

We pay all proceeds from this policy from our Home Office in Minneapolis, Minnesota. Before paying the proceeds, we may require that you send us this policy. We make payments under Settlement Options 4, 5, and 6 only to a natural person in that person's own right. In settling this policy, we deduct all policy loans, unpaid loan interest, and unpaid monthly deductions due on or before the insured's death.

We pay interest on the proceeds at death for the time between the insured's death and:

1

The date we pay proceeds, or

2

The date we issue a supplemental contract,

whichever is earlier.

Interest on these funds is never less than 3 1/2% compounded annually.

### Incontestability

This policy has a 2 year contestable period running from the Issue Date shown on the Policy Data Page. After this policy has been in force during the insured's lifetime for 2 years from the Issue Date, we cannot claim your policy is void or refuse to pay any proceeds with respect to the Initial Face Amount unless the policy has lapsed.

If you make a Face Amount increase or premium payment that requires proof of insurability, the corresponding Death Benefit increase has its own 2 year contestable period running from the effective date of the increase in Death Benefit.

If this policy is reinstated, this provision will be measured from the date of reinstatement.

### Age and Sex

If the insured's age or sex is misstated, we adjust the proceeds by the difference between the monthly deductions made and those that should have been made. In adjust-

ing the proceeds we will use the interest rates we have credited on the accumulation value at the time the deductions were originally made.

### Suicide

If the insured commits suicide, while sane or insane, within 2 years of the Issue Date, we only refund all premiums already paid on this policy and any attached riders, minus any policy loans, and minus partial withdrawals.

Also, if the insured commits suicide, while sane or insane, within 2 years of the effective date of an increase in Face Amount or premium payment that requires proof of insurability, for the proceeds associated with that increase, we only refund the cost of insurance for that increase.

*Leonard v. ReliaStar*
**RLI 00021**

## Termination

This policy ends when any of the following occur:

1
The end of the grace period if the required premium is not paid;

2
The insured dies;

3
You ask us in writing to surrender this policy for its full cash value; or

4
The policy anniversary following the insured's 95th birthday.

If we make a monthly deduction from the accumulation value after terminating this policy, the deduction is not considered a reinstatement of the policy or a waiver of the terminations. That deduction will be credited to the accumulation value as of the date of the deduction.

## Annual Report

Each year we will send you free of charge an annual report showing your cash value and accumulation value as of the date of the report, the premiums paid, interest credited, and the loans and charges since the last report. We will send you additional reports for a fee upon request.

## Projection Report

If you ask, we will provide a report which shows projected future results. The report will be based on the following assumptions:

1
The Death Benefit Option you specify;

2
Planned periodic premiums you specify;

3
Accumulation value at the end of the prior policy year; and

4
Any other necessary assumptions specified by you or us.

We will charge a fee for each report.

## Deferment

We may defer granting a loan or paying any cash surrender or partial withdrawals for the period law permits, but not beyond 6 months. We cannot defer granting a loan solely to pay premiums on one of your policies with us. If we defer paying the cash surrender or partial withdrawal for 30 days or more, we pay interest at 3-1/2% a year from the surrender or withdrawal date to the payment date.

## Nonparticipating

This contract does not entitle you to participate in our surplus.

## Amendment

We reserve the right to amend this policy in order to include any future changes relating to this policy's remaining qualified for treatment as a Life Insurance policy under the following:

● The Code;
● Internal Revenue Service rulings and regulations;

● Any requirements imposed by the Internal Revenue Service.

We will send you a copy of any amendments promptly.

## Disclaimer

We are not liable for any tax or tax penalty you owe resulting from failure to comply with the requirements of the Code, Regulations and Rulings imposed on this policy.

## Insured's Automatic Cost of Living Increase Rider

This rider is a part of the base policy whose number is shown below. If not shown below, the Base Policy Number is shown on the Policy Data Page.

| | |
|---|---|
| **Rider Data** | **Base Policy Number** |
| **Definitions** | **The Insured** |

**The Insured** — The person insured under the base policy. The insured is shown on the Policy Data Page.

**You, Your** — The current owner of the base policy.

**We, Us, Our** — Northwestern National Life Insurance Company at our Home Office in Minneapolis, Minnesota.

**Written, In Writing** — A written request or notice, signed and dated, and received at our Home Office, in a form we accept. You may get forms for this purpose from us.

**Increase Date** — A date on which we make a cost of living increase according to the terms of this rider.

**CPI** — The U.S. Consumer Price Index for All Urban Consumers as published by the U.S. Department of Labor. We will substitute what we believe is an appropriate index for the CPI if:

1

The composition of, base of, or method of calculating the CPI changes so that, in our opinion, it is not appropriate for use with this rider; or

2

The publication of the CPI is delayed or ceases.

If required, we will file a detailed description of any alternate price index with the Insurance Department of the state where this rider is issued.



Northwestern National Life Insurance Company

Box 20
Minneapolis
Minnesota 55440

Executed at our Home Office

John G. Turner                    President

Royce N. Sanner                  Secretary

82-640

*Leonard v. ReliaStar*
RLI 00023

| | | |
|---|---|---|
| **Benefits and Monthly Deductions** | We will increase the Face Amount of the base policy on the Increase Dates under the terms of this rider. We will make these cost of living increases without requiring proof of insurability.<br><br>On each Increase Date, the monthly deduction will be increased to account for:<br><br>1<br>The larger cost of insurance; and | 2<br>The Monthly Amount Charge per $1,000 which applies to each increase for the 12 policy months following the Increase Date. The premium class for these increases is the class for the Insured's CPI Increase Base shown on the Policy Data Page.<br><br>If there is a waiver of monthly deduction rider attached to the base policy, its cost will also increase and be part of the cost of insurance. |
| **Determining Increase Dates** | Increase Dates normally occur every 2 years, beginning with the first Monthly Anniversary Date 2 years after the Rider Issue Date. But, if you increase the Face Amount of the base policy 10% or more, and if this increase requires written proof of insurability, then the | next Increase Date is the first Monthly Anniversary Date 2 years after the increase. If this rider ends and is then reinstated, the next Increase Date after reinstatement is the first Monthly Anniversary Date 2 years after the reinstatement date. |
| **Calculating a Cost of Living Increase** | The Increase Factor is:<br><br>$$\frac{\text{The CPI 5 months before an Increase Date}}{\text{The CPI 29 months before an Increase Date}} - 1$$<br><br>If the Increase Factor is 0 or less, we make no change. If the Increase Factor is greater than | 0, we multiply it by the Insured's CPI Increase Base shown on the Policy Data Page. We round the result to the next higher $500. We will not permit an increase higher than the Maximum Increase Amount for the Insured, which is shown on the Policy Data Page. The Maximum Increase Amount for the insured is 20% of the insured's CPI Increase Base, or $50,000, whichever is less. |
| **Accepting or Refusing an Increase** | We will notify you of the amount of each cost of living increase at least 30 days before its effective date. If you do not wish to accept the full amount of an increase, you must notify us in writing or return our notice to us before the effective date of that increase.<br><br>If you do not accept the full amount of each cost of living increase before the insured reaches age 21, we will not offer you any | further increases until the policy anniversary that next follows the insured's age 21. If you do not accept the full amount of an increase at that time, this rider ends. This rider also ends if you reject the full amount of a cost of living increase at any time after the insured's age 21. However, you may reinstate this rider if you give us written proof of insurability for the insured. |
| **Benefits When Monthly Deductions Are Waived** | If the insured becomes eligible for benefits under a waiver of monthly deduction rider, cost of living increases are not available. If the insured recovers from the disability and we are notified in writing, the next increase | Date is the next Monthly Anniversary Date 2 years after we receive the notice, unless the rider has otherwise ended. Future Increase Dates then follow as shown above in "Determining Increase Dates." |

*Leonard v. ReliaStar*
RLI 00024

| | | |
|---|---|---|
| **Termination** | This rider ends: | 4.<br>On the date you refuse the full amount of a cost of living increase on or after the insured's 21st birthday; or |
| | 1.<br>On the policy anniversary next following the insured's 55th birthday; | |
| | 2.<br>When the base policy ends; | 5.<br>If you ask us in writing to end this rider. In this case, we may ask that you return the policy and rider so that we can endorse them. |
| | 3.<br>If the Paid-up Option of the base policy is chosen; | After this rider ends, we will make no further cost of living increases. |
| **General Provisions** | All base policy provisions apply to this rider, unless changed by this rider. | |

*Leonard v. ReliaStar*<br>**RLI 00025**

## Term Insurance Rider (TIR)

This rider is a part of the base policy whose number is shown below. If not shown below, the Rider Data is shown on the Policy Data Page.

| Rider Data | Base Policy Number | |
|---|---|---|
| Definitions | The Insured | The person insured under the base policy and this rider as shown on the Policy Data Page. |
| | You, Your | The owner of the base policy as shown on the Policy Data Page. |
| | We, Us, Our | Northwestern National Life Insurance Company at our Home Office in Minneapolis, Minnesota. |
| | Written, In Writing | A written request or notice, signed and dated, and received at our Home Office in a form we accept. You may get forms for this purpose from us. |
| Benefits | When we have written proof that the insured died while this rider was in force, we will pay the TIR Face Amount then in force. | policy settlement option. After the insured dies, a beneficiary may choose a different settlement option, if we agree, and if you have not previously restricted the beneficiary's right to do so by written notice to us. |
| | While the insured is living, you may choose to have the proceeds applied under any base | |
| Beneficiary | The beneficiary of the proceeds of this rider is the beneficiary of the proceeds of the base policy. | apply to this rider. If you assign the benefits of this rider as collateral for a debt, this limits the beneficiary's rights to the proceeds. |
| | When you name, add, or change a beneficiary of the base policy the change will also | |
| Cost of Insurance and Monthly Amount Charges | The total monthly deduction for this rider includes the sum of 1 plus 2 where: | charge applies to the first 12 months following the Rider Effective Date; and |
| | 1<br>Is the Monthly Amount Charge per $1,000, as shown on the policy data page, times the TIR Face Amount divided by 1000. This | 2<br>Is the TIR Face Amount times the monthly cost of insurance rate described below. |



**Northwestern National Life Insurance Company**

Box 20
Minneapolis
Minnesota 55440

Executed at our Home Office

John G. Turner                         President

Royce N. Sanner                       Secretary

82-370

*Leonard v. ReliaStar*
RLI 00026

| | | |
|---|---|---|
| **Cost of Insurance Rates** | We base the monthly cost of insurance rate for this rider on the insured's sex, attained age, and premium class as shown on the Policy Data Page. Attained age means age at the last birthday on the prior policy anniversary. We will determine monthly cost of insurance rates based upon our expectations of future mortality experience for this rider. Any change in cost of insurance rates for this rider will apply to all in the same insurance class.

The cost of insurance rates for those in other than a rated premium class can never be | greater than the rates shown in the Table of Monthly Guaranteed Cost of Insurance Rates in the base policy. For those in a rated premium class, the guaranteed cost of insurance rates are calculated by multiplying the rates shown in the Table of Guaranteed Cost of Insurance Rates by the Premium Class Rating Factor shown on the Policy Data Page. The guaranteed maximum rates are based on the Commissioners 1958 Standard Ordinary Mortality Table. |

---

| | | |
|---|---|---|
| **Paying Proceeds** | We pay proceeds in the following order:

1
Collateral assignees, if any, have first priority;

2
The beneficiary, if any, receives any proceeds that remain. If there is more than one beneficiary, each receives an equal share, unless | you have requested another method in writing. To receive proceeds, a beneficiary must be living on the 10th day after the death of the person insured under this rider; then

3
If there are no beneficiaries, you receive any proceeds that remain. |

---

| | | |
|---|---|---|
| **Conversion** | This rider may be converted to a new individual whole life insurance policy for the insured without proof of insurability only:

1
While the insured is alive;

2
While this rider is in force; and | 3
Before the insured reaches age 75.

Application for conversion must be in writing. Only you may apply. If you wish to convert your policy, we may require that you send us the base policy and this rider so that we can endorse them. |

**The New Policy**

| | |
|---|---|
| The amount of the new policy may be for an amount up to the TIR Face Amount in force at the time of the conversion. The date of the new policy will be the date of the conversion. The new policy, which will be in the same premium class as this rider, can be on any of our plans in use at the time of the conversion that:

1
We would normally issue;

2
Provide for a level amount of insurance with level premiums;

3
Have level premiums that are at least equal to those of the whole life plan we offer that has the lowest level premiums; | 4
Do not participate in our surplus; and

5
Do not contain any benefits or rights involving a greater aggregate risk, relative to premium, than is insured under this rider. However, the new policy may contain a disability waiver benefit provision on the insured if you give us written proof of insurability for the insured. |

| | | |
|---|---|---|
| **Termination** | This rider ends:<br><br>1<br>On the Rider Expiry Date shown on the Policy Data Page;<br><br>2<br>If this rider is converted;<br><br>3<br>If the base policy is surrendered or ends;<br><br>4<br>If you ask us in writing to end this rider. In this case, we may ask that you return the | policy and this rider so that we can endorse them. This rider will end on the first Monthly Anniversary Date after we receive your written request to end this rider; or<br><br>5<br>If the Paid-up Option of the base policy is chosen.<br><br>After this rider ends, we are not liable for its benefits, even if we have included the cost of insurance and monthly amount charges for this rider in the total monthly deduction for the base policy. We will refund any such amounts that we deduct after this rider ends. |
| **Reinstatement** | If the base policy lapses, this rider will also lapse. You can reinstate this rider if:<br><br>1<br>This rider was in effect when the base policy lapsed;<br><br>2<br>The Rider Expiry Date has not occurred; and<br><br>3<br>You reinstate the base policy.<br><br>To reinstate this rider, you must do both of the following: | 1<br>Give us proof of your insurability; and<br><br>2<br>Pay a premium large enough to keep the base policy and this rider in force for at least 6 months.<br><br>The base policy may be reinstated without this rider, in which case proof and payment for this rider are not needed. |
| **Age and Sex** | If the insured's age or sex is misstated, we adjust the proceeds by the difference between the monthly deductions made and those that should have been made. | |
| **Suicide** | The Suicide provision of the base policy applies to this rider from the Rider Effective Date in the same way that it applies | to the base policy from the base policy's Issue Date. |
| **Incontestability** | If you apply for this rider with the base policy, the Incontestable provision of the base policy applies to this rider from the Rider Effective Date. If you apply for this rider after the base policy has been issued, the Incontestable provision of the base policy applies to this rider from the Rider Effective Date, with respect to statements made in the rider application. During this 2-year period, we may ask for information that could lead to our contesting this rider or refusing to pay its benefits. | After this rider has been in force for 2 years from the Rider Effective Date, we cannot claim this rider is void or refuse to pay any benefits with respect to the TIR Face Amount, unless this rider has lapsed for nonpayment of premiums. If this rider is reinstated, this provision will be measured from the reinstatement date with respect to statements made in the application for reinstatement. |
| **General Provisions** | This rider does not increase any cash or loan values of the base policy. | All base policy provisions apply to this rider, unless changed by this rider. |

*Leonard v. ReliaStar*
RLI 00028

## Tax Endorsement Rider

This endorsement is a part of the Flexible Premium Adjustable Whole Life Insurance Policy to which it is attached. The endorsement amends the policy in order to qualify the policy for treatment as a Life Insurance policy under the Internal Revenue Code of 1954 (the Code), as amended. This endorsement is issued as of the policy date of this policy unless a different date is shown here: _____.

This policy's provisions are changed as shown:

**1. Options A and B of the Death Benefit are changed to read as follows:**

Option A (Level Amount Option)

The Face Amount includes the Accumulation Value. In this case, the Death Benefit is the greater of:

1

The Face Amount on the date of death; or

2

The Accumulation Value multiplied by a corridor percentage, according to the insured's attained age, as shown in the Corridor Percentage Table below.

Option B (Additional Amount Option)

The Accumulation Value is in addition to the Face Amount. In this case the Death Benefit is the greater of:

1

The Face Amount plus the Accumulation Value on the date of death; or

2

The Accumulation Value multiplied by a corridor percentage, according to the insured's attained age, as shown in the Corridor Percentage Table below.

## CORRIDOR PERCENTAGE TABLE

| Attained Age | Corridor Percentage | Attained Age | Corridor Percentage | Attained Age | Corridor Percentage | Attained Age | Corridor Percentage |
|---|---|---|---|---|---|---|---|
| 0–40 | 250% | 54 | 157% | 68 | 117% | 82 | 105% |
| 41 | 243 | 55 | 150 | 69 | 116 | 83 | 105 |
| 42 | 236 | 56 | 146 | 70 | 115 | 84 | 105 |
| 43 | 229 | 57 | 142 | 71 | 113 | 85 | 105 |
| 44 | 222 | 58 | 138 | 72 | 111 | 86 | 105 |
| 45 | 215 | 59 | 134 | 73 | 109 | 87 | 105 |
| 46 | 209 | 60 | 130 | 74 | 107 | 88 | 105 |
| 47 | 203 | 61 | 128 | 75 | 105 | 89 | 105 |
| 48 | 197 | 62 | 126 | 76 | 105 | 90 | 105 |
| 49 | 191 | 63 | 124 | 77 | 105 | 91 | 105 |
| 50 | 185 | 64 | 122 | 78 | 105 | 92 | 105 |
| 51 | 178 | 65 | 120 | 79 | 105 | 93 | 105 |
| 52 | 171 | 66 | 119 | 80 | 105 | 94 | 105 |
| 53 | 164 | 67 | 118 | 81 | 105 | 95 | 105 |



Northwestern National Life Insurance Company

Box 20
Minneapolis
Minnesota 55440

Executed at our
Home Office

John G. Turner                                         President

*John G. Turner*

Royce N. Sanner                                         Secretary

*Royce N. Sanner*

82-753

*Leonard v. ReliaStar*
RLI 00029

**2. The fourth paragraph of the Premiums section is changed to read as follows:**

Even though Planned Periodic Premiums and Unscheduled Additional Premiums state otherwise, we reserve the right to refuse to accept any premium which would disqualify your policy for favorable tax treatment under the Code. However, if premiums paid during any Policy Year exceed the maximum permit-ted under the Code, we will return the excess premiums with interest to you within 60 days after the end of the policy year. However, you have the right to pay the premium required to keep this policy in force to the end of the policy year.

*Leonard v. ReliaStar*
**RLI 00030**

B2-076-716      LEONARD, WILLIAM J JR          HAYES AGENCY 6345          0778

## AMENDMENT TO ORIGINAL APPLICATION

Northwestern National Life Insurance Company
Minneapolis, Minnesota

I hereby amend my application for insurance dated _____ SEPTEMBER 13, 1986 _____
in the following particulars, agreeing that this amendment is to be made a part of my application and considered
as a basis of the contract for insurance:

PART I
   SECTION D
      AMOUNT OF BASIC POLICY - $ 50,000 OPTIONAL
      PLAN - "THE PLAN 3" NON-BAR
      PREMIUM CLASS - NON-SMOKER
      TERM RIDER - $50,000 NON-SMOKER
      DEATH BENEFIT OPTION - A. LEVEL AMOUNT
   I AUTHORIZE NWNL TO USE CREDIT FROM POLICY NUMBER B2-074-922 AND TO APPLY
   $ _____ TO POLICY NUMBER B2-076-716.

The copy attached in the policy—and this
copy—must be signed as indicated.

Return this copy properly signed to the Home
Office promptly.

Dated at OPELIKA, ALABAMA _____ this 21st day of Oct, 19____

                                          Signature of Life Proposed

                                          Signature of Owner
                                          (If other than Life Proposed)

# Life Insurance Application

NORTHWESTERN NATIONAL
LIFE INSURANCE COMPANY
BOX 20 • MINNEAPOLIS, MINNESOTA  55440

This application consists of Part I in all cases; Parts II, IV, V, and VI when required
by the underwriting rules of the Company. Part III is a medical examination

**139498**

## Part I

**A.** Proposed Insured (You) *(include maiden or former name)*

WILLIAM J. LEONARD JR.

| Sex ☑M ☐F | Birthdate *(month, day, year)* Redacted | Birthplace *(state, country)* AL. USA | Residence telephone number Redacted |

| Residence street address Redacted | City ODELIKA | State AL | Zip code 36801 | County LEE |

Address for premium notices if other than residence

**B.** ☐ Owner  ☐ Recognized Applicant *(if other than Proposed Insured)*  | Name | Birthdate *(month, day, year)* |

**C.** ☐ Contingent Owner  ☐ Contingent Recognized Applicant  | Name | Birthdate *(month, day, year)* |

## D. Insurance Information

| Amount of basic policy 150,000 | Policy kind PLAN 4-UL | Redacted |

| Whole life premium waiver? ☐ Yes ☑ No | Term premium waiver? ☐ Yes–A ☐ Yes–B ☑ No | Waiver on Recognized Applicant? ☐ Yes ☐ No | Universal life death benefit option ☑ A Level amount ☐ B Increasing amount |

| Riders | Amount | | Is automatic premium loan wanted, if available? ☑ Yes ☐ No | If "yes" select one of the following ☐ Limited ☑ Unlimited |
|---|---|---|---|---|
| Accidental Death Benefit | $ | | | |
| Future Purchase Option | | | Par policies: Dividends shall purchase paid-up additions (Option 2) unless another option is selected | |
| Additional Insured Rider ☐ Non-smoker | | | ☐ Applied to premium (Option 1)  ☐ Cash (Option 3) | |
| Spouse Insurance Rider | | | ☐ Left on deposit (Option 4)  ☐ Other | |
| Children Insurance Rider | | | | |
| Term Insurance Rider | | | | |
| Other | | | | |

## E. Beneficiary

Unless otherwise stated, the beneficiary designation is revocable and beneficiaries of like class ... qually with right of
survivorship

Name, address, birthdate and relationship to Proposed Insured *(if corporation, list state of incor..*

SANDRA G. LEONARD - WIFE       Redacted

Contingent beneficiary  DIVIDE EQUALLY AMONG CHILDREN

## F. Declarations by Proposed Insured

**1** Life insurance in force *(if none, please write "none")*

| Company | Personal Business Life amount | Accidental Death Benefit amount | Date Issued |
|---|---|---|---|
| GROUP TERM | 26,000 | 26,000 | '00 |
| OPTIONAL GROUP | 82,000 | | '87 |
| | | | |
| | | | |

574563

2074922

*Leonard v. ReliaStar*
RLI 00032

Part I continued

Yes No If "yes", give details here or in Part IV

2. Have you smoked cigarettes in the last 12 months?

3. Have you used tobacco in any other form in the last 12 months?     Redacted

4. Will any existing life or annuity coverage be replaced, lapsed or surrendered?     ☒ ☐ WILL REPLACE 82,00

5. Do you have any other application pending for life insurance?     ☐ ☒ OPTIONAL GROUP LIFE

6. Have you in the last five years or do you anticipate flights in an aircraft other than as a passenger on a scheduled airline? (If "yes", complete the Aviation Questionnaire section of Part VI, which will become part of this application.)     Redacted

7. Are you in the Reserves, National Guard, on active duty in the military, or enrolled in a college military program? (If "yes", complete a Military Questionnaire section of Part VI, which will become part of this application.)     Redacted

8. Have you:
   A. In the past 12 months had any known or expected heart attack, stroke, or cancer other than of the skin or been treated by any physician or other practitioner for any of those conditions?
   B. Within the last 60 days been advised by any physician or other practitioner to have any diagnostic test or surgery not yet performed?     Redacted

9. Have you in the last three years engaged in or do you plan to engage in any of the following activities?     Redacted
(If so, please check "yes" box and give details in the Avocation and Sports Questionnaire section of Part VI, which will become part of this application.)

| Yes | Yes | Yes | Yes |
|---|---|---|---|
| ☐ Skindiving | ☐ Skydiving | ☐ Mountain climbing | ☐ Scuba diving |
| ☐ Hang-gliding | ☐ Motorized vehicle racing | ☐ Boat racing | ☐ Flying ultra-lights |
| ☐ Rodeo | ☐ Whitewater boating | ☐ Ballooning | ☐ Snowmobile racing |

10. Have you in the past 10 years:
    A. Had, or been told you had, Acquired Immune Deficiency Syndrome (AIDS), "AIDS" related complex (ARC) or "AIDS" related conditions?
    B. Received advice or treatment in connection with any of the categories mentioned in "A" above?
    C. Tested positive for antibodies to the "AIDS" virus?     Redacted

G. Special request (Do not use for extra or optional policy requests)     H. Home Office change

All who sign agree:
1. When no premiums are paid with this application, no benefits will be provided on the basis of this application until all of the following conditions are met (A.) A policy is delivered to the Proposed Insured (B.) There has not been a change in the insurability of the Proposed Insured after the date this application is signed and before a policy is delivered to the Proposed Insured; and (C.) The first premium is paid during the lifetime of the Proposed Insured.
2. When premiums are paid with this application, they acknowledge receipt of the Temporary Insurance Agreement and Receipt (Receipt) which has the same number as the application They have read, understand, and accept the terms of that Receipt. Premiums of $ NONE (enter amount or "none") have been paid with this application.
3. In states where permitted, and without further written consent, the Proposed Owner or Recognized Applicant hereby authorizes, consents and accepts all changes in policy amount, classification, age at issue, plan or benefit hereafter made by us in Part I, H, "Home Office change".
4. The responses in Parts I, II, IV, V, and VI of this application and in any amendments thereto are: (a) complete and true to the best of their knowledge and belief, and (b) to be considered the basis for any insurance issued; and
5. Knowledge of any Proposed Insured is knowledge of the Proposed Owner or the Recognized Applicant.

Signed at (city, state)     OPELIKA  AL     Date (month, day, year)  9-15-86

Witnessed by     Signatures

Agent  Billy R. Hary     Signature of Proposed Insured     Social Security number  Redacted

Signature of Proposed Owner or Recognized Applicant (if other than Proposed Insured)     Social Security number

2074922 ② OCT 2 - 15
CU

Part II

ANSWERS MADE TO THE MEDICAL EXAMINER

By the Life Proposed in continuation of and forming a part of application for insurance to
Northwestern National Life Insurance Company, Minneapolis, Minnesota
(Answers must be in handwriting of the Examiner)                    # 16 3/28

1. Full name _William Jordan Leonard Jr_     Redacted     Date of birth _____ Redacted_____

2. Has your weight changed in the last year? _Redacted_ If "yes," explain _____

3. Name and address of your regular physician?     Redacted

4. On what date did you last consult your physician?     Redacted     Why?     Redacted

5. Do you now have or have you ever had any ailment or injury of the following organs or any disease or sickness listed
below? (Give details under #6)

|  | Yes | No |  | Yes | No |  | Yes | No |
|---|---|---|---|---|---|---|---|---|
| Paralysis or epilepsy | | | High blood pressure | | | Venereal disease | | |
| Convulsions or fainting | | | Liver, gall bladder, jaundice | | | Cancer, tumor, goiter | | |
| Brain, nervous system | | | Stomach, ulcers, indigestion | | | Anemia, diabetes, gout | | |
| Nervous or mental disorder | Redacted | | Rectum or hernia | Redacted | | Arthritis, neuritis | Redacted | |
| Lungs, bronchitis, asthma | | | Chronic diarrhea | | | Rheumatism | | |
| Tuberculosis, bloodspitting | | | Kidney, bladder, prostate | | | Bone or joint disorder | | |
| Heart or chest pains | | | Kidney stone, albumin | | | Disease of eyes or ear | | |
| Arteriosclerosis or varicose veins | | | Blood or pus in urine | | | Rheumatic fever | | |
| | | | Sugar or cast in urine | | | Heart murmur | | |

6. Nature of Disease, Injury, or Operation | Mo Yr | Duration | Result | Names and Address of all Physicians

Redacted

7. Are you at the present time taking medication or under your
doctor's care for any condition?                                        Yes  No    Give details (dates, remaining effects,
                                                                                    doctors consulted and addresses, etc.)
8. Have you ever had any operations or have any operations ever
been advised and not performed?
9. Have you any impairment of sight or hearing?
10. Have you ever had an electrocardiogram or x-ray made?
11. Has your mother, father, or any sister or brother ever had heart
disease, high blood pressure or diabetes?
12. Have you ever sought help or treatment for alcoholic habit?        Redacted        Redacted
13. Are you currently using, or have you ever received treatment
or counseling for the use of, marijuana, cocaine, amphetamines,
barbiturates, hallucinogenic agents, opium or its derivatives?
14. Have you ever been confined for observation, care or treatment
in a hospital, sanitarium, asylum, or similar institution?
15. Have you in the last 5 years consulted any physicians or sur-
geons not already indicated for any reason including physical
examination?

16. Family Record:

|  | LIVING | | DEAD | |  | LIVING | | DEAD | |
|---|---|---|---|---|---|---|---|---|---|
|  | Health | Age | Age | Cause of Death |  | Health | Age | Age | Cause of Death |
| Father | | | | |  | | | | |
| Mother | Redacted | | | | Sisters | Redacted | | | |
| Brothers | | | | |  | | | | |

The foregoing statements and answers are full, complete and true, to the best of my knowledge and belief.

Signed at _Opelika Al_     this _24th_     day of _Sep_     19_8_

Witness _____     _William J Leonard_
         Signature of Medical Examiner                 Signature of Life Proposed



**Flexible Premium
Adjustable Whole Life
Insurance Policy**

Death Benefit Payable at Death

Flexible Premiums Payable during the
Insured's Lifetime

Adjustable Face Amount

Nonparticipating

**Notice**

To make a claim or exercise your rights under this policy, please write to us at the address below and include your policy number:

Writing directly to us will save time and expense. You do not need to hire any person, firm, or corporation unless, because of a dispute, you wish to.



Northwestern National Life Insurance Company

Box 20
Minneapolis
Minnesota 55440

*Leonard v. ReliaStar*
RLI 00035