IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM LEONARD, JR.** * | |
| * | |
| Plaintiff, * | |
| * | |
| v. * | CASE No. 3:05-CV-01015-MEF-CSC |
| * | |
| **RELIASTAR LIFE INSURANCE** * | |
| **COMPANY f/k/a NORTHWESTERN** * | DEMAND FOR JURY TRIAL |
| **NATIONAL LIFE INSURANCE** * | |
| **COMPANY,** * | |
| * | |
| **Defendant.** | |

## FIRST AMENDED COMPLAINT

Pursuant to Rule 15(a) of the *Federal Rules of Civil Procedure*, William Leonard, Jr., hereby amends his original Complaint individually, and as class representative against Defendant.

## INTRODUCTION

1. This is a national class action against Defendant Reliastar Life Insurance Company for compensatory and punitive damages for fraud, suppression, breach of contract, negligence, wantonness, and/or other wrongful conduct.

2. The claims in this action are founded upon the common law of Alabama and all other states in these United States for fraud, suppression, breach of contract, negligence, wantonness, and other wrongful conduct.

## CLASS ACTION ALLEGATIONS

3. This action seeks exclusively a money recovery for Defendant's violation of the common law of the states. Plaintiff seeks punitive damages and compensatory damages for each class member for Defendant's fraud, and other wrongful conduct as alleged herein.

4. Certification under Rule 23(b)(3) *Fed. R. Civ. P.* is proper.

5. Plaintiff seeks certification of a national class action against Defendant for the fraud and other wrongful conduct alleged in this Complaint. The Plaintiff class consists of the following:

> A) All residents of the United States who purchased a Plan 3 Flexible Premium Adjustable Life policy with an Enhanced Protection Term Insurance Rider from Defendant Reliastar f/k/a Northwestern National Life Insurance Company. Said class of Plaintiffs are further defined as follows:
>
>> a) Those persons living on the date that final judgment is entered in this action;
>>
>> b) The person does not have a pending action against Defendant, on the date of the Court's certification order, wherein the recovery sought is based in whole or in part on the type of claims asserted herein;
>>
>> c) Persons are excluded from the class as to Defendant who have previously obtained a judgment; settled any claims against Defendant concerning the type claims asserted herein; or have previously executed releases releasing any such claims against the Defendant; or who signed an arbitration agreement with Defendant.

6. Rule 23(a), and Rule 23(b), *Fed. R. Civ. P.* requirements are met because:

> a. Plaintiff estimates that the proposed class consists of not less than several thousand members throughout the United States, and joinder of all members in this action is impracticable.
>
> b. There are questions of law and fact common to the class, including, but not exclusively limited to:
>
>> i. Whether Defendant guaranteed and/or represented to Plaintiffs that their premium would stay level and/or fixed throughout the life of their policy.

2

        ii.    Whether Defendant failed to disclose and/or suppressed from Plaintiffs that the Plan 3 base policy was under funded by the premiums determined and required by Defendant; that the Plan 3 had higher mortality charges to subsidize higher credited interest rates; and that the premium determined and required by Defendant for the Enhanced Protection Rider was based on the first year cost of insurance and was insufficient to pay the increasing cost of the rider, which would ultimately lead to the lapse of the entire policy prior to the maturity date.

        iii.    Whether the Plaintiffs are entitled to the class-wide relief sought in the Complaint.

    c.    The common questions predominate over any questions affecting only individual members.

    d.    The named Plaintiff is an adequate representative of the class. The claims of the Plaintiff as class representative are typical of those of the class members in that they were subjected to the same unlawful treatment, and Plaintiff suffered the same type harm as suffered by other members of the class. The class representative will vigorously pursue the claims on behalf of the class, and will fairly, and adequately protect the interests of the class. Plaintiff's counsel is experienced and professionally able to properly represent the class.

    e.    The claims of the representative party are typical of the claims of each member of the class, and are based on or arise out of similar facts constituting the wrongful conduct of Defendant.

    f.    A class action is far superior to any other available method for the fair and efficient adjudication of this controversy.

7.    This action complies with the *Class Action Fairness Act of 2005*.

    a.    This District Court has original jurisdiction of this civil action because the controversy exceeds the sum or value of $5 million, exclusive of interest and cost, and is a class action in which there are members of the class of Plaintiffs who are citizens of states different

3

from the Defendant; there are members of the class of Plaintiffs who are citizens of foreign states and there are members of the class of Plaintiffs who are citizens of this state and there are Defendants who are citizens of foreign states.

      b.     Upon information and belief, Plaintiff pleads that less than 1/3 of the proposed class members in the aggregate are citizens in this state.

## STATEMENT OF THE PARTIES

8. Plaintiff William J. Leonard, Jr., is over the age of nineteen (19) years and resides in Lee County, Alabama.

9. Defendant Reliastar Life Insurance Company f/k/a Northwestern National Life Insurance Company (hereinafter referred to as "Reliastar") is a foreign corporation doing business by agent in Lee County, Alabama.

## STATEMENT OF THE FACTS

10. On or about September 13, 1986, in Lee County, Alabama, Billy R. Hayes (hereinafter referred to as "Hayes"), an agent and/or representative of Defendant, approached Plaintiff about purchasing life insurance.

11. At this time, Hayes convinced Plaintiff to buy life insurance and represented to Plaintiff that the initial premium established and required by Defendant was and would always be adequate to fund the original policy terms.

12. Based on representations made by Hayes, Plaintiff agreed to purchase the policy of insurance, to-wit: Policy No. B2-076-716

13. What the Defendant actually sold Plaintiff was, in reality, an under-funded hybrid universal life insurance product based on excessive interest rates and unsustainable costs of insurance; an annually renewable term rider in which the premiums established and required by

4

Defendant were insufficient to cover the increasing costs of the rider; and higher mortality charges and/or costs of insurance in order to subsidize high credited rates. These factors ensure the policy's eventual collapse or requirement for increased premiums. At inception, the design of the insurance product was inherently problematic in that the base Plan 3 policy sold in conjunction with the term rider would eventually lapse prior to its maturity date regardless of whether credited interest rates declined.

14. These defective policy designs and their effect on the Plaintiff's policy were either not disclosed to Plaintiff or misrepresented to Plaintiff. They were withheld or misrepresented so Plaintiff could not discover the true nature of the insurance product sold by Defendant. They involve complicated accounting and actuarial formulas beyond Plaintiff's comprehension.

15. Defendant failed to disclose any of the facts as stated herein, but any disclosures made by Defendant were inadequate, unreasonable, fraudulent, and beyond Plaintiff's reasoning and understanding.

16. On or about February, 2005, Plaintiff made inquiries regarding the status of his insurance policy, which subsequently led to Plaintiff's discovery of the fraudulent conduct of Defendant.

17. Plaintiff has been injured and damaged by the wrongdoing of Defendant. Specifically, Plaintiff has spent substantial sums of money on a product that is not as promised by Defendant. He has suffered financially and has continued to suffer mental anguish and emotional distress.

18. When Defendant presented the life insurance product to Plaintiff, they held

themselves out as experts on insurance matters. Defendant indicated to Plaintiff that they were acting in the best interest of Plaintiff with regard to the matters being discussed and represented. Plaintiff believed and trusted Defendant and relied upon the representations they made and the apparent expertise they professed.

19.     The matters Defendant made representations about involve sophisticated and complicated matters, which are beyond the knowledge and understanding of the Plaintiff.  The Plaintiff could not reasonably have been expected to know and understand this scheme such that he could have appreciated or even been aware of the extreme risk he was being subjected to by Defendant.

20.     The representations made by Defendant were false and Defendant knew that these representations were false at the time they were made.

21.     Defendant actively suppressed and concealed from Plaintiff the true nature of what he was buying, how it worked and the risks associated with such a product.

22.     At all times material hereto, Hayes was an agent and or representative of Defendant and was acting within the line and scope of his agency in dealing with Plaintiff.

23.     Defendant entered into a pattern and practice of fraudulent and wrongful conduct which included the fraud practiced on Plaintiff.

24.     The conduct by Defendant was intentional, gross, wanton, malicious, and/or oppressive.

25.     The Plaintiff discovered the wrongdoings of the Defendant within two years of filing this lawsuit.

## **COUNT ONE**

26.     Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here

in full.

27. On or about September 13, 1986, in Lee County, Alabama, Hayes, an agent and/or representative of Defendant, approached Plaintiff about purchasing life insurance.

28. At this time, Hayes convinced Plaintiff to buy life insurance and represented to Plaintiff that the initial premium established and required by Defendant was and would always be adequate to fund the original policy.

29. Based on representations made by Hayes, Plaintiff agreed to purchase the policy of insurance, to-wit: Policy No. B2-076-716.

30. What the Defendant actually sold Plaintiff was, in reality, an under-funded hybrid universal life insurance product based on excessive interest rates and unsustainable costs of insurance; an annually renewable term rider in which the premiums established and required by Defendant were insufficient to cover the increasing costs of the rider; and higher mortality charges and/or costs of insurance in order to subsidize high credited rates. These factors ensure the policy's eventual collapse or requirement for increased premiums. At inception, the design of the insurance product was inherently problematic in that the base Plan 3 universal life policy sold in conjunction with the term rider would eventually lapse prior to its maturity date regardless of whether credited interest rates declined.

31. These defective policy designs and their effect on the Plaintiff's policy were misrepresented to Plaintiff. They were misrepresented so Plaintiff could not discover the true nature of the insurance product sold by Defendant. They involve complicated accounting and actuarial formulas beyond Plaintiff's comprehension.

32. The matters Defendant made representations about involve sophisticated

and complicated matters, which are beyond the knowledge and understanding of the Plaintiff. The Plaintiff could not reasonably have been expected to know and understand this scheme such that he could have appreciated or even been aware of the extreme risk he was being subjected to by Defendant.

33. The representations made by Defendant were false and Defendant knew that these representations were false at the time they were made.

34. On or about February of 2005, Plaintiff made inquiries regarding the status of his insurance policy, which subsequently led to Plaintiff's discovery of the fraudulent conduct of Defendant.

35. As a proximate consequence of the Defendant's fraud, Plaintiff was injured and damaged as follows: Plaintiff has made payments on a policy that was not as represented; he has lost the value of his premium payments; he has lost interest on the premium payments; he has lost the use of his money; he does not have the entire benefits of the policy that was represented to him; he has suffered mental anguish and emotional distress and will continue to do so; and he has been otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus interest and costs.

## COUNT TWO

36. Plaintiff re-alleges all prior paragraphs of the Complaint as if set forth here in full.

37. At the aforesaid times and places, Defendant fraudulently failed to disclose

to Plaintiff that what the Defendant actually sold him was, in reality, an under-funded hybrid universal life insurance product based on excessive interest rates and unsustainable costs of insurance; an annually renewable term rider in which the premiums established and required by Defendant were insufficient to cover the increasing costs of the rider; and a product with higher mortality charges and/or costs of insurance in order to subsidize high credited rates. These factors ensure the policy's eventual collapse or requirement for increased premiums. At inception, the design of the insurance product was inherently problematic in that the base Plan 3 universal life policy sold in conjunction with the term rider would eventually lapse prior to its maturity date regardless of whether credited interest rates declined.

38.    Defendant actively suppressed and concealed from Plaintiff the true nature of what he was buying, how it worked and the risks associated with such a product.

39.    These defective policy designs and their effect on the Plaintiff's policy were not disclosed to Plaintiff. They were withheld so Plaintiff could not discover the true nature of the insurance product sold by Defendant. They involve complicated accounting and actuarial formulas beyond Plaintiff's comprehension.

40.    Defendant failed to disclose any of the facts as stated herein, but any disclosures made by Defendant were inadequate, unreasonable, fraudulent, and beyond Plaintiff's reasoning and understanding.

41.    As a proximate consequence of Defendant's non-disclosure and/or suppressive conduct, Plaintiff was injured and damaged as alleged in paragraph 35 above.

WHEREFORE, Plaintiff demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus interest and costs.

## COUNT THREE

42. Plaintiff re-alleges all prior paragraphs of the Complaint as if set forth here in full.

43. Defendant negligently hired, trained, or supervised its agent and/or representative Hayes.

44. As a proximate result of Defendant's negligence, Plaintiff was injured and damaged as alleged in paragraph 35 above.

WHEREFORE, Plaintiff demands judgment against said Defendant in such an amount of compensatory damages as a jury deems reasonable and may award, plus interest and costs.

## COUNT FOUR

45. Plaintiff re-alleges all prior paragraphs of Complaint as if set forth here in full.

46. Defendant wantonly hired, trained, or supervised its agent and/or representative Hayes.

47. As a proximate result of Defendant's wantonness, Plaintiff was injured and damaged as alleged in paragraph 35 above.

WHEREFORE, Plaintiff demands judgment against said Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus interest and costs.

## COUNT FIVE

48. Plaintiff re-alleges all prior paragraphs of the Complaint as if set forth here in full.

49. Defendant negligently and/or wantonly failed to procure a suitable product for Plaintiff as represented.

50. Defendant had a duty to procure a suitable product for Plaintiff as represented.

51. Defendant breached its duty.

52. As a proximate consequence of Defendant's negligence and/or wantonness, Plaintiff was injured and damaged as alleged in paragraph 35 above.

WHEREFORE, Plaintiff demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus interest and costs.

## COUNT SIX

53. Plaintiff re-alleges all prior paragraphs of the Complaint as if set forth here in full.

54. Defendant entered into a contract with Plaintiff to provide Plaintiff with a base universal life policy along with an additional term insurance rider for a specified planned periodic premium. The planned periodic premium included separate allotted premium amounts to cover the costs associated with each specific coverage. Defendant has breached the terms of Plaintiff's contract by continually deducting undisclosed and excess costs associated with Plaintiff's term insurance rider from the accumulation value of Plaintiff's base universal policy.

55. As a result of this breach of contract, Plaintiff was injured and damaged as alleged in paragraph 35 above.

WHEREFORE, Plaintiff demands judgment against Defendant in such an amount of compensatory damages including all incidental and consequential damages as a jury deems reasonable and may award, plus their interest and costs.

/s/ Jere L. Beasley
JERE L. BEASLEY (BEA020)


/s/ Dee Miles
W. DANIEL "DEE" MILES, III (MIL060)


/s/ Jay Aughtman
JOSEPH H. "JAY" AUGHTMAN (AUG001)


/s/ John E. Tomlinson
JOHN E. TOMLINSON (TOM014)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW
METHVIN, PORTIS, & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343


## **JURY DEMAND**

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.


/s/ John E. Tomlinson
OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th of January, 2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorney(s) for Defendant Reliastar Life Insurance Company**

Michael L. Bell
S. Andrew Kelly
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203

                                              /s/ John E. Tomlinson
                                              OF COUNSEL