IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM LEONARD, JR. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE No. 3:05-CV-01015-MEF-CSC |
| | * | |
| RELIASTAR LIFE INSURANCE | * | |
| COMPANY f/k/a NORTHWESTERN | * | |
| NATIONAL LIFE INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendant. | * | |

## AFFIDAVIT

Before me, the undersigned, a Notary Public in and for the State of Alabama at Large, personally appeared John E. Tomlinson, who is known to me and who being by me first duly sworn, on oath deposes and says as follows:

"The Defendant in this case recently filed a requested motion for summary judgment in response to Plaintiff's First Amended Complaint. My firm represents the Plaintiff in this litigation. It is necessary for me to conduct written discovery and take testimony regarding the issues raised by the Defendant in their Motion for Summary Judgment in order to file Plaintiff's response to said motion. Due to the nature of the information attached in support of Defendant's Motion, Plaintiff would be severely prejudiced by not having the opportunity to conduct discovery in order to refute Defendant's arguments, attached affidavits, and exhibits. In fact, at this early stage in the litigation, Plaintiff has not even been afforded the benefit of receiving Defendant's Initial Disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. Plaintiff must be allowed the opportunity to obtain information and testimony, which is in the sole possession of Defendant, in order to fully respond to Defendant's Motion.

Specifically, Plaintiff seeks written discovery and testimony regarding the allocation and calculation of Plaintiff's premium, the development of Plaintiff's policy type, the marketing of Plaintiff's policy type, the design of the policy type, and the Defendant's training process or program in selling and explaining the policy type at issue in this case, as well as other actuarial and internal documents related to the policy at issue in this case. These are all areas pled in Plaintiff's First Amended Complaint. Plaintiff requires this essential discovery in order to refute the arguments set forth in Defendant's Motion. To not allow the Plaintiff the opportunity to conduct any discovery in this case for the purpose of refuting the issues raised in Defendant's Motion would severely prejudice the Plaintiff in this action. The Defendant has chosen to put issues into evidence in their Motion, which requires the Plaintiff to conduct discovery on said issues and take sworn testimony. Said discovery is essential to the Plaintiff's position in the case.

The foregoing is true and complete."

**FURTHER AFFIANT SAITH NOT.**

_____
JOHN E. TOMLINSON

**STATE OF ALABAMA**     §
**MONTGOMERY COUNTY**    §

BEFORE ME, the undersigned authority, a notary public in and for the State of Alabama at Large, personally appeared John E. Tomlinson who first being first sworn to me, deposes and says that he has read the foregoing instrument and says that he did voluntarily sign the same after being advised of the nature and effects thereof, and authorizes its filing with the Court.

SWORN TO AND SUBSCRIBED on this the 27th day of February, 2006.

_____
NOTARY PUBLIC
Commission Expires: 10-4-09

(SEAL)