UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM LEONARD, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RELIASTAR LIFE INSURANCE )<br>COMPANY f/k/a NORTHWESTERN )<br>NATIONAL LIFE INSURANCE )<br>COMPANY, )<br>)<br>Defendant. )<br>_____) | Case No. 3:05-CV-01015-MEF-CSC |

**DEFENDANT RELIASTAR LIFE INSURANCE COMPANY'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
RULE 56(F) MOTION TO CONTINUE**

Defendant ReliaStar Life Insurance Company ("ReliaStar") hereby responds to Plaintiff's Rule 56(f) Motion to Continue (D.E. 17) (the "Rule 56(f) Motion"). For the reasons set forth below, plaintiff's attempt to invoke Rule 56(f) is defective as a matter of law, and his Rule 56(f) Motion should be denied.

**INTRODUCTION**

On February 21, 2006, ReliaStar filed a Motion to Dismiss the First Amended Complaint or, in the alternative, for Summary Judgment (D.E. 16) ("ReliaStar's Motion"). In its Motion, ReliaStar argued primarily that the plaintiff's claims were time barred under the statute of limitations, and in support, ReliaStar attached documents that were already in the possession of the plaintiff which demonstrate that the plaintiff's claims are untimely. Indeed, many of these documents could have been and should have

been attached to the complaint, but plaintiff obviously did not want them included in the pleadings, realizing they would defeat his claims as a matter of law.[1]  The plaintiff has absolutely no legitimate need for discovery on these documents or any other issues raised by ReliaStar's Motion.

Plaintiff's Rule 56(f) Motion is nothing more than a desperate attempt to avoid summary judgment and to prolong the expense of this action for ReliaStar.  Under Eleventh Circuit precedent, the plaintiff's Rule 56(f) affidavit is defective and fails to contain the required degree of particularity specifying exactly what facts discovery would reveal and how those facts would raise a genuine issue of material fact regarding the issues in ReliaStar's Motion.  Indeed, none of the generalized areas of discovery set forth by the plaintiff are relevant to the time bar, and none could save plaintiff's complaint from the statute of limitations.  Accordingly, the Court should deny the Rule 56(f) Motion, convert ReliaStar's Motion into one for summary judgment, and grant judgment to ReliaStar as a matter of law.

## SUMMARY OF THIS CASE AND RELIASTAR'S MOTION

The First Amended Complaint is based on claims that purportedly arise out of the plaintiff's purchase ***nearly twenty years ago*** of a "Flexible Premium Adjustable Whole

---

[1] For example, ReliaStar attached to the Affidavit of Brian J. Boschert a duplicate of plaintiff's Policy (Exhibit 1), a copy of the Statement of Policy Cost and Benefit Information sent to plaintiff with the Policy (Exhibit 2), copies of the Annual Reports sent to the plaintiff each year (Exhibit 3), copies of telephone records of calls made by plaintiff, correspondence with plaintiff, and forms completed by plaintiff (Exhibits 4 to 9).  The only documents attached to ReliaStar's Motion that arguably are not within plaintiff's possession are the public records attached to the Affidavit of Wendy Paquin.  Plaintiff has not requested any discovery regarding these public filings.

Life Insurance Policy" with a face amount of $50,000 and a term insurance rider of $50,000 (the "Policy"). Notwithstanding that the Policy only contains a guaranty that it will not lapse for <u>three years,</u> (if the plaintiff pays a certain minimum monthly premium (Policy at 5)),[2] the plaintiff complains that, in 1986, his insurance agent orally "guaranteed" that if he continued to make a "fixed" premium payment of $37.00 every two weeks, the Policy would "always" remain in force and <u>never</u> lapse (First Am. Compl. ¶ 6(b)(i) and ¶ 11).

The Policy is a "universal life" insurance policy, meaning that the premiums are "flexible" (not fixed), and that the plaintiff determines the amount and frequency of his premium payments. Policy at 4. The Policy provides that the plaintiff will receive an annual report every year (*id.* at 16), which provides itemized detail on the premiums paid, the interest rates credited, the costs of insurance, expenses charged, and the ending value of the Policy for every month in the year (Boschert Aff. Ex. 3). In addition to notifying a policyholder of changes in the interest rate, the annual reports explain when the Policy can be expected to lapse under different interest rate scenarios. *Id.*

Notwithstanding the premium provisions in his Policy, and despite receiving detailed annual reports <u>every year</u> for eighteen years, the plaintiff professes complete ignorance over the nature of his Policy and how his Policy was performing. He accuses ReliaStar of selling him an "under-funded" policy (Am. Compl. ¶¶ 13, 30, 37), even though at inception the Policy is funded only with an initial premium and the plaintiff

---

[2] The Policy is attached as Exhibit 1 to Brian Boschert's Affidavit, which is attached to ReliaStar's Motion as Exhibit A.

fully controls how much he funds the Policy over time. Ignoring the decline in interest rates since 1986, the plaintiff complains that the alleged "under-funding" was caused by the cost of his $50,000 term insurance rider (*id.*), although the annual reports detailed exactly how much the rider cost, and he could have cancelled the rider at any time, as he eventually did in 2005. *See* Boschert Aff. ¶ 8 & Exs. 3, 6.

The principal argument raised in ReliaStar's Motion is that the plaintiff's claims are barred by the statute of limitations. The plaintiff offers no explanation as to why he did not discover in 1986 that the Policy was "not as promised by Defendants" (Am. Compl. ¶ 16). The Policy does not provide that premium payments "would stay level and/or fixed" (Am. Compl. ¶ 6 (b)(i)), nor does the Policy guarantee that it will never lapse. It guarantees a minimum interest rate of 4.5%, and provides for a limited three-year no-lapse period. Policy at 5, 7. Under well established law, the plaintiff's purported claims against ReliaStar accrued when he purchased the Policy in 1986. At the very latest, he had actual notice of his purported claims in 1993, when his annual report expressly advised that his Policy could lapse even if he continued to pay his planned periodic premiums. *See, e.g.*, Boschert Aff. Ex. 3.

ReliaStar's Motion also sets forth that the plaintiff's claims suffer from other serious legal defects. His fraud claims are untenable because, as a matter of law, he could not reasonably rely on the agent's purported oral misrepresentations. Other issues raised by ReliaStar include that it owed no duty to disclose any additional information, that plaintiff's claims are barred by his own contributory negligence, and that plaintiff failed to identify any term of the insurance contract breached by ReliaStar.

## ARGUMENT

Plaintiff's Rule 56(f) Motion is a disingenuous attempt to prolong this action and prevent ReliaStar from resolving this matter through summary judgment based on the statute of limitations. The plaintiff's Motion does not withstand scrutiny, and his Rule 56(f) affidavit is defective as a matter of law. The plaintiff has no genuine need for any discovery and has not demonstrated any such need. Nor has he demonstrated how discovery can save his claims from the statute of limitations. Accordingly, the plaintiff cannot justify a continuance under Rule 56(f).[3]

Under Eleventh Circuit precedent, Rule 56(f) affidavits must comply with both of the following requirements:

> A Rule 56(f) motion ***must*** be supported by an affidavit which sets forth ***with particularity [1] the facts the moving party expects to discover and [2] how those facts would create a genuine issue of material fact precluding summary judgment***.

*Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998) (bracketed numbers added); *see also Salas v. Tillman*, No. 05-10399, 2006 WL 122426, at *4 (11th Cir. Jan. 17, 2006). The Rule 56(f) affidavit submitted by plaintiff (which is virtually

---

[3] Rule 56(f) provides, in relevant part, as follows:

> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit *facts essential to justify the party's opposition*, the court may refuse the application for [summary] judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f) (emphasis added).

identical to his motion), however, completely fails to comply with either of the above requirements. The plaintiff merely asserts in a vague and conclusory fashion as follows:

> Plaintiff seeks written discovery and testimony regarding [1] the allocation and calculation of Plaintiff's premium, [2] the development of Plaintiff's policy type, [3] the marketing of Plaintiff's policy type, [4] the design of the policy type, and [5] the Defendant's training process or program in selling and explaining the policy type at issue in this case, as well as [6] other actuarial and internal documents related to the policy at issue.

*See* Affidavit attached to Rule 56(f) Motion at p.2 (bracketed numbers added).

The plaintiff's naked assertion of a need for discovery in these six broad areas, without any support or analysis, does not even come close to meeting the Eleventh Circuit's standard. The plaintiff never states what ***"facts"*** he expects to discover nor how those facts ***"would create a genuine issue of material fact"***. As one court eloquently explained:

> Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. Where, as here, a party fails to carry his burden under Rule 56(f), postponement of a ruling on a motion for summary judgment is unjustified.

*Willmar Poultry Co. v. Morton-Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir. 1975).

Under similar circumstances, courts have denied Rule 56(f) motions. For example, earlier this year, the Eleventh Circuit affirmed the denial of a Rule 56(f) motion, explaining that it is not *"per se* improper to grant summary judgment without providing the opponent an opportunity to conduct discovery." *Salas*, 2006 WL 122426,

at *4. The court explained that because the plaintiff "did not show that he sought ***discovery of facts that would create a genuine issue of material fact***, the district court did not abuse its discretion in denying his motions for additional discovery." *Id.* (emphasis added).[4] The Eleventh Circuit affirmed the denial of another Rule 56(f) motion that requested "broad and far-reaching" discovery and where the District Court "found it unlikely that further discovery would establish" evidence contradicting the issues raised in the motion. *Harbert Int'l, Inc.*, 157 F.3d at 1276, 1280.[5] Other Alabama district courts have held likewise. *See Shelby v. Am. Colloid Co.*, No. 2:04cv489-T, 2005 WL 3804725, at *8-*9 (M.D. Ala. Mar. 1, 2005) (denying Rule 56(f) motion because the plaintiff was in the best position to present evidence relevant to the issues raised by the summary judgment motion); *Marbulk Shipping, Inc. v. Martin-Marietta Materials, Inc.*, 271 F. Supp. 2d 1374, 1382 (S.D. Ala. 2003) (denying Rule 56(f) motion because the requested discovery could not "possibly alter the conclusion" as to the issue raised in the motion); *Mitchell v. Crowell,* 966 F. Supp. 1071, 1080 n.11 (N.D. Ala. 1996) (after converting a motion to dismiss into a motion for summary judgment, the court denied the Rule 56(f) motion because "further discovery on this issue is not necessary"); *see also*

---

[4] Although the plaintiff complains that he has not even received voluntary disclosures as of yet (Motion to Continue at 2), he neglects to mention that neither party has supplied voluntary disclosures (because they are not yet due). Moreover, all of the documents that ReliaStar would voluntarily disclose are already attached to ReliaStar's Motion. In any event, Rule 56(b) permits a defendant to file a summary judgment motion at any time. There is no rule that a party must wait until discovery has taken place.

[5] *Harbert* also discusses that the court should "balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." 157 F.3d at 1280. Here, the plaintiff has shown absolutely no need for discovery to respond to ReliaStar's Motion. Balancing that (lack of) showing against the expensive and far-reaching deposition and written discovery sought by the plaintiff, this balancing test clearly tips in favor of ReliaStar.

*Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1259 n.2 (11th Cir. 2004) (affirming denial of motion to compel discovery before ruling on summary judgment motion because plaintiff's "vague assertions" failed to satisfy Rule 56(f)).

Moreover, courts frequently deny Rule 56(f) motions when (as here) the statute of limitations is at issue in the summary judgment motion. *Burton v. New United Motor Mfg.*, 127 F. App'x 283, 285 (9th Cir. 2005); *Ball v. Union Carbide Corp.*, 385 F.3d 713, 721 (6th Cir. 2004); *Willmar Poultry Co.*, 520 F.2d at 297. For example, in a case similar to the present one, the defendant filed a motion to dismiss or in the alternative for summary judgment based on a violation of the statute of limitations, and the district court converted the motion into a summary judgment motion. *Ball*, 385 F.3d at 719. The court rejected plaintiff's argument that she should have been permitted to take discovery prior to a ruling on the motion by holding the following:

> The district court did not abuse its discretion in denying Plaintiffs' discovery request. Plaintiffs' Rule 56(f) affidavit does not state how any discovery would have shed further light on the issue of when the statute of limitations began to run. . . . Accordingly, as the district court stated, the discovery requested in Plaintiffs' Rule 56(f) affidavit was "irrelevant" to the issue of statute of limitations.

*Id.* at 721; *see also Burton*, 127 F. App'x at 285 (plaintiff "has made no showing that the additional discovery she requested . . . would create a triable issue on the . . . statute of limitations questions").

All of the documents and "discovery" required to decide the statute of limitations and other issues raised in ReliaStar's Motion are attached to the Motion and have been provided to plaintiff. These documents, including plaintiff's policy, the Statement of Policy Cost and Benefit Information, and plaintiff's Annual Reports, were already in

8

plaintiff's possession. The plaintiff is in the best position to present any evidence regarding the summary judgment issues, such as when any tolling of the statute of limitations ended, whether his reliance on any misrepresentation was reasonable, and whether the contract was breached. *See, e.g., Shelby*, 2005 WL 3804725, at *8-*9. The Court should deny the Rule 56(f) Motion because the plaintiff has not set forth "with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert Int'l, Inc.* 157 F.3d at 1280. Rather, the plaintiff has asked for general discovery in six areas, none of which are legitimate areas relevant to the statute of limitations nor any other issue raised in ReliaStar's Motion. Each of these proposed areas of discovery are briefly addressed below:

1. **Allocation and calculation of plaintiff's premium**

Plaintiff's request for discovery on the "calculation of Plaintiff's premium" is absurd. Plaintiff knew exactly how much premium he was paying, and he was provided Annual Reports every year accounting for his premiums.[6] Nor does the plaintiff state how such facts would create a genuine issue of material fact precluding summary judgment. Therefore, he fails to meet the Eleventh Circuit particularity requirement.

---

[6] For example, plaintiff's December 1, 1987, Annual Report shows that plaintiff paid $37.00 in premiums during the policy month of November 1987. Boschert Aff. Ex. 3. Of that amount, $5.85 went to Expense Charges, $14.85 went to Cost of Insurance Charges, $12.00 went to Rider Insurance Charges. *Id.* The remaining premium ($4.30) was added to the accumulation value (together with $3.98 in interest). *Id.* Thus, plaintiff knows very well how his premiums were allocated, to the last penny. No discovery is needed on this issue for plaintiff to respond to the summary judgment motion.

9

### 2. Development of plaintiff's policy type

Likewise, plaintiff does not explain how discovery concerning the development of his policy type would create a genuine issue of material fact precluding summary judgment. The process of developing the policy is not relevant to when plaintiff was on notice of his claims or any other issue present in the summary judgment motion.

### 3. Marketing of plaintiff's policy type

Once again, plaintiff does not set forth what facts he expects to discover concerning the marketing of his policy type. Nor does he state how those facts would create a genuine issue of material fact precluding summary judgment. Plaintiff knows what marketing he received. In the First Amended Complaint, he alleges the oral statements upon which he purportedly relied to purchase his policy. Am Compl. ¶¶ 11-12, 28-29. No other marketing discovery is relevant to the summary judgment issues.

### 4. Design of the policy type

The design of plaintiff's policy type is also irrelevant to the statute of limitations. Plaintiff does not set forth what facts he expects to discover concerning the design of his policy type. Nor does he state how those facts would create a genuine issue of material fact precluding summary judgment. The terms and conditions of the Policy are what they are. How they were "designed" has nothing to do with the summary judgment issues.

### 5. Defendant's training process or program in selling and explaining the policy type at issue

Plaintiff does not set forth what facts he expects to discover concerning the training process or program in selling and explaining the policy type. Nor does he state

10

how those facts would create a genuine issue of material fact precluding summary judgment. ReliaStar does not raise any issue in its summary judgment motion regarding a training program. Plaintiff knows what statements he purportedly relied upon to purchase his policy. ReliaStar's Motion focuses on the fact that plaintiff's claims are time barred and otherwise defective as a matter of law. This discovery suggested by plaintiff is not helpful to refuting these issues.

6.   **Other actuarial and internal documents related to the policy at issue**

This category of requested discovery is entirely vague and undefined and cannot possibly satisfy the legal requirements for particularity under Rule 56(f). Once again, the plaintiff has failed to meet the Eleventh Circuit standard for Rule 56(f) affidavits because he has not set forth "with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert Int'l, Inc.*, 157 F.3d at 1280.

## CONCLUSION

For the reasons set forth above, ReliaStar respectfully requests that the Court enter an Order denying the plaintiff's Rule 56(f) Motion.

Respectfully submitted,

/s/ S. Andrew Kelly
Michael L. Bell, Esq. (BELLM6182)
S. Andrew Kelly, Esq. (KELL3760)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
Telephone:  (205) 581-0700
Facsimile:  (205) 581-0799

Markham R. Leventhal (Fla. Bar #616140)
Stephan I. Voudris (Fla. Bar #135542)
Ben V. Seessel (Fla. Bar. #598585)
JORDEN BURT LLP
777 Brickell Avenue, Suite 500
Miami, Florida 33131-2803
Telephone: (305) 371-2600
Facsimile: (305) 372-9928

*Attorneys for Defendant*
*ReliaStar Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jere L. Beasley, Esq. (libby.rayborn@beasleyallen.com)
W. Daniel Miles, III, Esq. (dee.miles@beasleyallen.com)
Joseph H. Aughtman, Esq. (jay.aughtman@beasleyallen.com)
John E. Tomlinson, Esq. (john.tomlinson@beasleyallen.com)
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL  36103-4160


/s/ S. Andrew Kelly

146806