UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM LEONARD, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RELIASTAR LIFE INSURANCE )<br>COMPANY f/k/a NORTHWESTERN )<br>NATIONAL LIFE INSURANCE )<br>COMPANY, )<br>)<br>Defendant. )<br>_____) | Case No. 3:05-CV-01015-MEF-CSC |

**DEFENDANT RELIASTAR LIFE INSURANCE COMPANY'S
MEMORANDUM IN OPPOSITION TO
<u>PLAINTIFF'S MOTION TO STRIKE</u>**

Defendant ReliaStar Life Insurance Company ("ReliaStar") hereby responds to Plaintiff's Motion to Strike (D.E. 18). For the reasons set forth below, the Motion to Strike is without merit and should be denied.

On February 21, 2006, ReliaStar filed its Motion to Dismiss the First Amended Complaint or, in the alternative, for Summary Judgment (D.E. 16) ("ReliaStar's Motion"). Pursuant to Rule 12(b), ReliaStar filed with its Motion various documents, the vast majority of which were in the possession of the plaintiff, and all of which were directly relevant to claims made in the First Amended Complaint.[1] ReliaStar expressly

---

[1] ReliaStar attached to the Affidavit of Brian J. Boschert a duplicate of plaintiff's Policy (Exhibit 1), a copy of the Statement of Policy Cost and Benefit Information sent to plaintiff with the Policy (Exhibit 2), copies of the Annual Reports sent to the plaintiff each year (Exhibit 3), copies of telephone records of calls made by plaintiff, correspondence with plaintiff, and forms completed by plaintiff (Exhibits 4 to 9). The only documents attached to ReliaStar's Motion that

requested that this Court treat its motion as one for summary judgment, as permitted by Rule 12(b) of the Federal Rules of Civil Procedure. ReliaStar's Motion at 1.

The plaintiff has filed a Motion to Strike which, without supporting law or any legitimate purpose, asks this Court to strike and disregard all of the exhibits (except for plaintiff's insurance policy) attached to ReliaStar's Motion. The plaintiff suggests that the Court's consideration of these exhibits would be "improper," and that ReliaStar is attempting "to put the Plaintiff at a disadvantage" by including these documents. *See* Motion to Strike at 1, 2. This argument is unsupportable and does not withstand analysis.

First, there is nothing "improper" about attaching clearly relevant documents to a motion to dismiss. Contrary to the plaintiff's suggestion, Rule 12(b) expressly contemplates the attachment of documents outside the pleadings and, in such case, allows the Court to convert the motion into one for summary judgment:

> ***If***, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, ***matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment*** and disposed of as provided in Rule 56 . . . .

Fed. R. Civ. P. 12(b) (emphasis added). Thus, by attaching relevant exhibits, ReliaStar has merely done exactly what Rule 12(b) contemplates, and this Court is authorized to consider the exhibits and to treat the motion as one for summary judgment.

Second, the plaintiff's conclusory argument that ReliaStar is attempting to "disadvantage" him is unsupportable. All of the documents attached to the Affidavit of

---

arguably are not within plaintiff's possession are the public records attached to the Affidavit of Wendy Paquin.

2

Brian J. Boschert are documents that were within plaintiff's possession. *See supra* note 1.² The Statement of Policy Cost and Benefit Information was delivered to the plaintiff with the Policy (Boschert Aff., Exhibit 2), and the plaintiffs' Annual Reports were sent to him each year (Boschert Aff., Exhibit 3). The plaintiff can hardly claim to be disadvantaged by these documents. Nor can he be disadvantaged by copies of telephone records of calls which he himself made to ReliaStar, or by his own correspondence, or forms which he requested, completed, and submitted to ReliaStar (Boschert Aff., Exhibits 4 to 9).³

Nevertheless, the plaintiff asks this Court to ignore Rule 12(b) and not to treat ReliaStar's Motion as one for summary judgment. Given that the plaintiff provides absolutely no law and no good reason for this argument, it can only be viewed as an attempt to unjustly delay this matter. Rule 1 states that the Federal Rules of Civil Procedure "shall be construed and administered to secure ***the just, speedy, and inexpensive*** determination of every action." Fed. R. Civ. P. 1 (emphasis added). Consistent with this principle, courts frequently convert motions to dismiss into motions for summary judgment. *See, e.g., Daniels v. Mobile Register, Inc.*, No. 04-0832-L, 2005 WL 1505856, at *1 (S.D. Ala. June 24, 2005); *Mitchell v. Crowell*, 966 F. Supp. 1071, 1073 (N.D. Ala. 1996); *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004);

---

² Plaintiff does not object to and concedes that the policy (Boschert Aff., Exhibit 1) may be considered even on a motion to dismiss.

³ The attachments to the Affidavit of Wendy Paquin are nothing more than public records showing that the policy form and rider that plaintiff purchased from ReliaStar were filed with and approved for sale by the Alabama Department of Insurance. Plaintiff certainly cannot claim to be disadvantaged by these documents.

*see also Williams v. Kmart Corp.*, 304 F. Supp. 2d 1309, 1312-13 (M.D. Ala. 2004) (applying similar judgment on the pleadings conversion rule).

There is no reason why this Court should not do the same here. Courts exercise their discretion to convert motions to dismiss into motions for summary judgment where "the matters outside the pleadings are sufficient to enable a rational determination of a summary judgment motion and if the resulting conversion is likely to facilitate the disposition of the case." *Donastorg v. Government of the Virgin Islands*, No. Civ. 20/1998, 2003 WL 21653354, at *3 (V.I. June 24, 2003). Because the exhibits submitted by ReliaStar are highly relevant and dispositive of this case based on the statute of limitations and other grounds, conversion of ReliaStar's Motion into one for summary judgment will likely facilitate the early disposition of this case.

WHEREFORE, ReliaStar respectfully requests that the Court deny plaintiff's Motion to Strike and proceed pursuant to Rule 12(b) to treat ReliaStar's Motion as one for summary judgment.

Respectfully submitted,

/s/ S. Andrew Kelly
Michael L. Bell, Esq. (BELLM6182)
S. Andrew Kelly, Esq. (KELL3760)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
Telephone: (205) 581-0700
Facsimile: (205) 581-0799

Markham R. Leventhal (Fla. Bar #616140)
Stephan I. Voudris (Fla. Bar #135542)
Ben V. Seessel (Fla. Bar. #598585)
JORDEN BURT LLP
777 Brickell Avenue, Suite 500
Miami, Florida 33131-2803
Telephone: (305) 371-2600
Facsimile: (305) 372-9928

*Attorneys for Defendant
ReliaStar Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Jere L. Beasley, Esq. (libby.rayborn@beasleyallen.com)
>W. Daniel Miles, III, Esq. (dee.miles@beasleyallen.com)
>Joseph H. Aughtman, Esq. (jay.aughtman@beasleyallen.com)
>John E. Tomlinson, Esq. (john.tomlinson@beasleyallen.com)
>Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
>P. O. Box 4160
>Montgomery, AL  36103-4160

/s/ S. Andrew Kelly

146790