IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM LEONARD, JR.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | CASE No. 3:05-CV-1015-MEF-CSC |
| | * | |
| **RELIASTAR LIFE INSURANCE** | * | |
| **COMPANY f/k/a NORTHWESTERN** | * | |
| **NATIONAL LIFE INSURANCE** | * | |
| **COMPANY,** | * | |
| | * | |
| **Defendant.** | * | |

**PLAINTIFF'S BRIEF IN REPLY TO DEFENDANT'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Plaintiff hereby replies to Defendant ReliaStar Life Insurance Company's ("Defendant") Memorandum in Opposition to Plaintiff's Motion to Strike ("Response") as follows:

**INTRODUCTION**

On February 21, 2006, Defendants' filed a Motion to Dismiss the Plaintiff's First Amended Complaint or, in the alternative, for Summary Judgment and Incorporated Memorandum of Law.[1] On February 28, 2006, Plaintiff filed his Motion to Strike certain affidavits, exhibits, and other evidentiary materials outside of Plaintiff's Amended Complaint, either attached in support of Defendant's Motion to Dismiss or referenced therein.[2] Pursuant to the Court's Order of March 3, 2006, Defendant filed their Response to Plaintiff's Motion to Strike on March 10, 2006,[3] and Plaintiff hereby files his Reply Brief to Defendant's Response. Defendant erroneously asserts in their Response that Plaintiff's Motion to Strike is without merit

---
[1] See D.E. 16, entered 2/21/06
[2] See D.E. 18, filed 2/28/06
[3] See D.E. 22

1

and should be denied. Defendant's positions are unsubstantiated and for the reasons set forth below, Plaintiff's Motion to Strike should be granted.

## ARGUMENT

In their Motion to Dismiss, Defendant has referenced documents and other evidentiary materials to this Court that are not part of, or referred to in Plaintiff's Amended Complaint in any form or fashion. Defendant has attempted to put the Plaintiff at a disadvantage by steering this Court to documents and information outside the scope of Plaintiff's pleadings and they should not be allowed to do so.

Defendant argues in their Response that there is nothing improper about attaching "relevant documents" to a motion to dismiss. Defendant's argument regarding "relevant documents" is misguided and completely misstates the law regarding what is proper for consideration on a motion to dismiss. Normally, in deciding a motion to dismiss for failure to state a claim, courts **must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint.** *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1017 (5th Cir. 1996) (emphasis added). In addition, "Documents whose contents are **alleged in a complaint** and whose authenticity no party questions, but which are not physically attached to the pleading, **may be** considered in ruling on a Rule 12(b)(6) motion to dismiss." *Beddall v. State Street Bank and Trust Co.*, 137 F.3d 17 (1st Cir. 1998); citing 2 *James Wm. Moore et al., Moore's Federal Practice* § 12.34[2] (3d ed. 1997) (emphasis added).

As referenced above, contrary to Defendant's position, the question of "relevancy" is not the proper inquiry for determining if a document may be considered in ruling on a 12(b)(6) motion to dismiss. It is apparent that the affidavits and certain exhibits presented in support of Defendant's Motion to Dismiss are neither attached to, nor referenced in Plaintiff's Complaint or

2

Amended Complaint. Therefore, they are clearly outside the scope of the pleadings and, according to the above-referenced case law, improper for consideration on a motion to dismiss.

Defendant further argues in their Response that Rule 12(b) F.R.C.P., "expressly contemplates" the attachment of documents outside of the pleadings. Defendant references Rule 12(b) as follows:

> "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to **and not excluded by the court**, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...."[4] (emphasis added)

Rule 12(b), as referenced above, does NOT "expressly contemplate" that matters outside the pleadings shall be considered by the court on a motion to dismiss, it **only** states that **if the court does not exclude these matters**, the motion shall be treated as one for summary judgment, and disposed of as provided in Rule 56, **not Rule 12(b)(6)**. Generally, a court must convert motion to dismiss into motion for summary judgment **if it considers materials outside the complaint.** *Day v. Taylor*, 400 F.3d 1272 (11th Cir. 2005) (emphasis added). Defendant's **argument is assumptive** given the fact that the Court has made no determination as to whether it will consider materials outside Plaintiff's Complaint or treat Defendant's Motion to Dismiss as one for summary judgment.

Defendant erroneously contends in their Response that the Plaintiff has asked this Court to ignore Rule 12(b). To the contrary, Plaintiff asks this Court to follow the well-established law regarding Rule 12(b) and limit its inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. Plaintiff's request for the Court to strike (exclude) materials outside the Complaint when considering Defendant's Motion to Dismiss is clearly supported by Rule 12(b) and the case law cited above.

---

[4] See Defendant's Response, D.E. 22 at 2.

Defendant further argues in their Response that Plaintiff cannot claim to be disadvantaged by the documents attached to the affidavits presented by Defendant in support of their Motion to Dismiss. Defendant's position is absurd, when taking into account the fact that Plaintiff has not been allowed the opportunity to cross-examine the affiants under oath regarding their statements and observations concerning the information attached as exhibits to their affidavits. These extrinsic materials put Plaintiff at a disadvantage because they make conclusory statements regarding what, if any, information was disseminated to Plaintiff and what said information purportedly discloses to Plaintiff.

It is Plaintiff's belief that there is actuarial information and other internal documents in the sole possession of Defendant, which if obtained through discovery, can be used by Plaintiff to discredit Defendant's affidavits and the exhibits attached thereto. Plaintiff believes he can develop facts through discovery to refute Defendant's arguments on reliance and the statute of limitations. Plaintiff would be severely disadvantaged if the Court were to consider the extrinsic information presented by Defendant on a motion to dismiss without Plaintiff having the opportunity to conduct the necessary discovery in order to refute said information.

## CONCLUSION

Based on the foregoing, Plaintiff has clearly demonstrated, pursuant to Rule 12(b) and established law, that the evidentiary materials presented by Defendant in support of their motion to dismiss are clearly outside of the pleadings and improper for consideration on a motion to dismiss.

WHEREFORE, Plaintiff hereby respectfully requests the Court to grant Plaintiff's Motion to Strike certain affidavits, exhibits, and other evidentiary materials outside of Plaintiff's

Amended Complaint, either attached in support of Defendant's Motion to Dismiss or referenced therein.

Respectfully submitted this the 15th day of March, 2006.

/s/ John E. Tomlinson
JOSEPH H. "JAY"AUGHTMAN (AUG001)
JOHN E. TOMLINSON (TOM014)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW
METHVIN, PORTIS, & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

### CERTIFICATE OF SERVICE

I hereby certify that on the 15th of March, 2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorney(s) for Defendant Reliastar Life Insurance Company**

Michael L. Bell
S. Andrew Kelly
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0700
Facsimile: (205) 581-0799

Markham R. Leventhal
Stephan J. Vaoudris
Ben V. Seessel
JORDEN BURT, L.L.P.

5

777 Brickell Avenue, Suite 500
Miami, FL 33131-2803
Telephone: (305) 371-2600
Facsimile: (305) 372-9928

                                            /s/ John E. Tomlinson
                                            OF COUNSEL