IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM LEONARD, JR.** \* | |
| \* | |
| **Plaintiff,** \* | |
| \* | |
| v. \* | CASE NUMBER 3:05-CV-1015-MEF |
| \* | |
| **RELIASTAR LIFE INSURANCE** \* | |
| **COMPANY f/k/a NORTHWESTERN** \* | |
| **NATIONAL LIFE INSURANCE** \* | |
| **COMPANY,** \* | |
| \* | |
| **Defendants.** | |

### AFFIDAVIT OF DR. DAVID LANGE

Before me, the undersigned, a Notary Public in and for the State of Alabama at Large, personally appeared David Lange. After having read the contents of this Affidavit, I hereby affirm that the following statements are true and correct:

"My name is David R. Lange. I am over the age of twenty-one and reside in Montgomery, Alabama. All statements made herein are made on my personal knowledge.

I am a Professor of Finance at Auburn University Montgomery. I have taught life insurance for over twenty years and have served as the Lowder-Weil Professor and Chair - Applied Life Insurance Education & Research Program. I have multiple professional presentations and published papers dealing with life insurance. The life insurance research has included Excel spreadsheets for both prospective and retrospective models of life insurance funding, premium determination, and valuation.

In 1995 I received the American College Outstanding Paper Award in Insurance for 'A Cash Value Sensitivity Analysis Approach to Evaluating Universal Life Insurance Policies' [Academy of Financial Services - Paper Abstracts, pg. 25, 1995]. An applied version of the retrospective valuation model - 'Calculating Funding Premiums for Universal Life Insurance', Calvin Cherry, April 2000"- was published in the North American Actuarial Journal [Volume 5, # 3, pp. 118-123, July 2001].

I have provided testimony by affidavit, deposition, in mediation or in court in over sixty cases involving life insurance. Several of these cases were class actions in which I was involved in settlement proposals and financial valuations, during preliminary discussions, in mediation or in court. Class actions include Kenneth Walters & James C. Cunningham v. Lincoln National Life Insurance Co. CV-96-P-3223-W; Walter H. Adams v. Southern Farm Bureau 4-98-CV-20 (JRE); Pauline Johnson v. ALFA Life Insurance



EXHIBIT 1

Company CV-98-2352-G; and Ella Mae Rowe v. National Western Life Ins. Co. Cause No. 00-00704.

I have been requested by attorney John E. Tomlinson to review documents related to the Northwestern National Life Insurance policy purchased by William J. Leonard Jr., included with the Affidavits of Wendy Paquin and Brian J. Boschert.

Based on my review of these documents, including the policy (B2-076-716), statement of policy cost and benefit information and annual reports, and my knowledge and experience, I have the following preliminary observations:

1. An expansion of the Statement of Policy Cost and Benefit Information current projection shows Mr. Leonard's Northwestern National Life Insurance Company Policy Flexible Premium Adjustable Whole Life Insurance Policy with the Enhanced Protection Rider (EPR) policy lapsing by age 83 [possibly age 82] rather than maturing at age 95, even if interest rates had not declined [stayed at the 9.5% projected rate]. The financial cause for the premature lapse of the policy is the increasing cost of insurance of the Enhanced Protection Rider (EPR) - term insurance rider, which based on prior experience, exceeded the EPR premium determined by Northwestern National Life Insurance Company by policy year four. The financial result is the excess EPR cost of insurance was taken out of the base policy cash value.

2. The information provided in the annual returns obscures credited interest rate information. The 'weighted average rate which approximates the actual rates credited' conceals the lower interest rates credited to the policy. For example if interest rates had declined during the year from 8.5% to 7%, the weighted average may be 7.70% which would obscure the actual decline in credited interest rates.

3. The projections provided in the annual returns are inaccurate. The projections use the current 'interest rate credited to new premiums'. However, this current credited interest rate on only new premiums is generally higher than previously credited weighted average interest rates, and higher than subsequent weighted average credited rates. That is, the projected interest rate is greater than the rate currently earned on the entire accumulation value. For the projection to be accurate the entire accumulation value would have to earn the new premium rate.

In my opinion the additional information specified in Plaintiff's 56(f) Motion to Continue and supporting affidavit, including additional actuarial base policy and EPR premium and cost of insurance and interest rate data contained within internal company documents, would be required to make a full determination of the specific lapse age and negative financial impact of the Enhanced Protection Rider (EPR). This information would be essential to substantiate the preliminary observations referenced above, Plaintiff's claims, and to refute the arguments made in Defendant's Motion for Summary Judgment."

Further, affiant sayeth not.

/s/ David Lange
David Lange

STATE OF ALABAMA  §
MONTGOMERY COUNTY §

SWORN to and SUBSCRIBED before me on this the 10th day of March, 2006.

/s/ Robyn Short
NOTARY PUBLIC
My Commission Expires: 10/4/09

(SEAL)