IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA OF
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM LEONARD, JR., individually and as class representative, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | CASE NO. 3:05-cv-1015-MEF |
| | ) | |
| RELIASTAR LIFE INSURANCE COMPANY, | ) ) | (WO - Not Intended for Publication) |
| | ) | |
| Defendant. | ) | |

# <u>O R D E R</u>

This cause is before the Court on a variety of motions.  After receiving the First Amended Complaint (Doc. # 9), Defendant filed Defendant ReliaStar Life Insurance Company's Motion to Dismiss the First Amended Complaint, or in the Alternative, Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. # 16).  Attached to this document were two affidavits and several exhibits thereto.  By this motion, Defendant argued that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the statute of limitations has run on Plaintiff's claims.  At least some of Defendant's arguments in support of this theory are predicated on the affidavits and exhibits submitted in support of the motion to dismiss.  Indeed, Defendant urges this court to treat its motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1]

---

[1] Given this entreaty and the nature of Defendant's motion, the court cannot say why Defendant did not just file the motion as a motion for summary judgment.  The Federal Rules of Civil Procedure clearly would have allowed such a motion to be filed. *See* Fed. R. Civ. P. 56(b).

In response, Plaintiff has filed two motions. First, Plaintiff filed Plaintiff's Rule 56(f) Motion to Continue (Doc. # 17), by which he seeks an opportunity to conduct certain discovery before responding to Defendant's dispositive motion. Second, Plaintiff filed Plaintiff's Motion to Strike (Doc. # 18), by which he asks this court to strike the affidavits and exhibits submitted in support of Defendant's motion. Defendant has opposed both of Plaintiff's motions.

Federal Rule of Civil Procedure 12(b)(6) makes it plain that if matters outside of the pleading are present to the court in connection with a motion to dismiss for failure to state a claim for which relief can be granted and not excluded by the court, then the motion *shall* be treated as one for summary judgment and disposed of as provided by Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(b)(6). In such a circumstance, the rules also envision that all parties "shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.*

In this case, the court is inclined to treat Defendant's motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. Having so construed the motion, the court finds that Plaintiff's Motion to Strike (Doc. # 18) is due to be and hereby is DENIED as affidavits and exhibits may properly be submitted in support of a motion for summary judgment. *See* Fed. R. Civ. P. 56(b) & (e). The court is further inclined to allow Plaintiff a reasonable opportunity for some discovery in accordance with the letter and spirit of Federal Rule of Civil Procedure 56(f). Accordingly, Plaintiff's Rule 56(f) Motion to Continue (Doc. # 17) is GRANTED.

It is further ORDERED as follows:

(1) Upon consideration of the Defendant ReliaStar Life Insurance Company's Motion to Dismiss the First Amended Complaint, or in the Alternative, Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. # 16) filed on February 21, 2006, it is hereby

ORDERED that the motion be submitted without oral argument on **August 4, 2006**.

It is further ORDERED that the plaintiff file a response which shall include a brief and any evidentiary materials on or before **July 28, 2006**. The defendant may file a reply brief on or before **August 4, 2006**.

***The parties are advised that if they have filed electronically or will file electronically exhibits in support of or in opposition to this motion and those exhibits total more than twenty-five (25) pages, they are required to submit a paper courtesy copy of the exhibits to the Chambers of the undersigned.***

DONE this the 22nd day of March, 2006.


_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE