UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM LEONARD, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RELIASTAR LIFE INSURANCE )<br>COMPANY f/k/a NORTHWESTERN )<br>NATIONAL LIFE INSURANCE )<br>COMPANY, )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:05-CV-01015-MEF-CSC |

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on April 10, 2006 and was attended by:

John E. Tomlinson
Joseph E. "Jay" Aughtman      *Attorneys for Plaintiff William Leonard, Jr.*
W. Daniel Miles, III
Jere L. Beasley

Michael L. Bell              *Attorneys for Defendant ReliaStar*
Markham R. Leventhal          *Life Insurance Company*

2. Pre-Discovery Disclosures. The parties will exchange by April 26, 2006 the information required by Fed.R.Civ.P. 26(a)(1).

3. Discovery Plan. The parties jointly propose to the Court the following initial discovery plan:

(a) Pursuant to the Court's Order of March 22, 2006, this initial discovery plan is intended to allow a reasonable opportunity for discovery in accordance with the letter and spirit of Rule 56(f) prior to the Court's ruling on ReliaStar's pending summary judgment motion. Pursuant to the Court's Order, the plaintiff is due to submit a response brief and any evidentiary materials on or before July 28, 2006. Accordingly, all such discovery must be commenced in time to be completed by July 21, 2006. Any further discovery is stayed until the Court rules on the pending summary judgment motion.

(b) Discovery will be limited to subjects and issues relevant to the pending motion for summary judgment as contemplated by Rule 56(f). Consistent with Rule

56(f), discovery by the plaintiff will be limited to the following subjects prior to the Court's ruling on the pending summary judgment motion: (1) actuarial information regarding the version of the Plan 3 policy purchased by the plaintiff, (2) the design and development of the version of the Plan 3 policy purchased by the plaintiff, (3) the calculation of the plaintiff's planned monthly premium, and (4) the marketing of plaintiff's policy type and the training of agents to sell this policy type.

      (c)      Maximum of 25 interrogatories by each party to any other party.

      (d)      Maximum of five depositions by each party prior to the Court's ruling on the pending summary judgment motion (including one Rule 30(b)(6) deposition notice). An additional five depositions by each party may be taken after the Court's ruling on the pending summary judgment motion. Each deposition limited to maximum of seven hours unless extended by agreement of the parties.

      (e)      Expert reports, if any, to be considered in connection with the defendant's pending motion for summary judgment shall be submitted as follows:

            (i)      From plaintiff 14 days after completion of 30(b)(6) deposition of defendant, but no later than June 30, 2006.

            (ii)      From defendant 14 days after submission of plaintiff's.

In the event that defendant's pending summary judgment motion is denied, any further expert reports shall be due:

            (iii)      From plaintiff by October 20, 2006.

            (iv)      From defendant by November 17, 2006.

      (f)      Supplementations under Rule 26(e) due December 4, 2006.

4.      Other Items.

      (a)      The parties do not request a conference with the court before entry of the scheduling order.

      (b)      The parties request a pretrial conference in March 2007.

      (c)      Plaintiff should be allowed until June 1, 2006 to join additional parties and to amend the pleadings. Defendant should be allowed until June 7, 2006 to join additional parties or to amend the pleadings.

      (d)      Plaintiff shall file any motion for class certification within 45 days after the Court rules upon the pending summary judgment motion.

      (e)      All potentially dispositive motions should be filed by January 12, 2007.

    (f)    Settlement is uncertain at this time.

    (g)    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due

        (i)    From plaintiff by February 20, 2007;

        (ii)    From defendant by March 6, 2007;

        (iii)    Parties should have ten days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    (h)    The case should be ready for trial by April 2, 2007 and at this time is expected to take approximately five days.

Dated: April 10, 2006.

                Respectfully submitted,

/s/ John E. Tomlinson
Jere L. Beasley (BEA020)
W. Daniel "Dee" Miles, III (MIL060)
Joseph H. "Jay" Aughtman (AUG001)
John E. Tomlinson (TOM014)
BEASLEY, ALLEN, CROW, METHVIN, PORTIS, & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

*Attorneys for Plaintiff*
*William Leonard, Jr.*

/s/ Michael L. Bell
Michael L. Bell, Esq. (BELLM6182)
S. Andrew Kelly, Esq. (KELL3760)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
Telephone: (205) 581-0700
Facsimile: (205) 581-0799

Markham R. Leventhal (Fla. Bar #616140)
Stephan L. Voudris (Fla. Bar #135542)
Ben V. Seessel (Fla. Bar. #598585)
JORDEN BURT LLP
777 Brickell Avenue, Suite 500
Miami, Florida 33131-2803
Telephone: (305) 371-2600
Facsimile: (305) 372-9928

*Attorneys for Defendant*
*ReliaStar Life Insurance Company*

147611